*The Court took time for advisement, and their opinion was afterwards delivered, as follows, by
Parsons, C. J.
In this action, a verdict was found for the plain *123 tiffs, subject to the opinion of the Court on the facts reported. The action was brought to recover of Malden the expenses of maintain ing Jacob Breden, a pauper, alleging that his settlement was in Malden. If his settlement is not in Malden, the verdict is to be set aside, and the plaintiffs are to become nonsuit.
It appears from the facts that the pauper has never gained a settlement in his own right, and that his settlement is derived from the settlement of his father, Joseph Breden.
Setting out with the known principle, that any man, having a legal settlement in any town in the state, does not lose it but by gaining a legal settlement in some other town in the state, let us from the facts determine the settlement of Joseph Breden, the father.
In March, 1760, being then of full age, and competent to gain a settlement in his own right, he left his father in Malden, and went to live in Lynn, and there dwelt a year, and thus gained a new settlement in Lynn, unless legally warned to leave the town within the year. After the expiration of the year, he returned to Malden, and there lived until June, 1764, not having been warned to leave that town In June, 1764, he, with his wife, removed to Lynn, and there dwelt until long after the 10th of April, 1767, not having been warned to leave that town, after he thus removed. In this manner he gained a settlement in Lynn, unless the objection of the plaintiffs should prevail.
It is objected that Joseph Breden lived at Lynn during a year commencing in March, 1760; that before the year he was duly warned to leave that town; that a return of the warning, with the other requisites of the statute, was made to the sessions ; and that having been once duly warned, and a return having been le gaily made, he could never, by any future residence in Lynn, gain a settlement there. The legality of this warning and return is denied by the defendants, but we do not think it necessary to decide this point.
* By the statutes of 4 Will, and Mar. c. 13, and 12 [ * 134 ] and 13 Will. 3, c. 4, considered together, it is provided that, if any person come to sojourn or dwell in any town, and be there received and entertained by the space of twelve months, not having been warned by the constable, or other person whom the selectmen shall appoint for that service, to leave the place, and the name of such person, with the time of his abode there, and when such warning was given, returned into the Court of Quarter Sessions, every" such person shall be reputed an inhabitant of such town, and the proper charge of the same.
From this provision it appears to us that, when a man has come *124 to sojourn and dwell in any town, and he has been warned, and a return has been duly made within the year, he cannot gain a settlement by continuing his residence there any length of time whatever; nor, perhaps, by returning after a temporary absence, too short to enable him to gain a settlement by residence elsewhere ; for his domicile may be considered as remaining, and it may be reasonably supposed that he absented himself with the intention of returning. But if, after the warning, he remove from the town, without an intention of returning, continuing absent long enough to gain a new settlement by residence, and afterwards come back and dwell in the town he had been warned to leave, he must be again warned within the year, for he now also comes to sojourn and dwell there ; and if he be not so warned, by living there a year, he wil gain a new settlement.
This distinction comports with the words of the statutes; for a man may come to sojourn and dwell in the same town in which he formerly had his domicile ; and it is consistent with the intent of the statute to give the town another option, whether it will, or will not, receive the sojourner as an inhabitant. When he first came, he might be without property, and, when sick, chargeable tó the town; but when he shall come into the town again, he may have a large estate, and may be a valuable acquisition to the town as an inhabitant.
Let us apply this rule to the facts reported. From March, 1760, to March, 1761, the pauper lived, as a hired man, in Lynn. He then left the town, and dwelt in Malden, until June, 1764. Then, with a wife he had married the preceding [*135 ] *May, he moved into Lynn, to live there. This we consider as going to sojourn and dwell in Lynn, within the intent of the statute. There he abode until 1770, not having been warned to leave that town. He therefore gained a settlement in Lynn. It is not necessary further to trace the motions of the man; for the statute of 2 Geo. 3, c. 3, was then in force, by which no settlement could be gained by residence or birth. Joseph Breden’s settlement has remained in Lynn; and his son Jacob, the pauper, born in 1782, having gained no settlement in his own right, has a derivative settlement in Lynn with his father.
The verdict must therefore be set aside, and the plaintiffs be called.

Plaintiffs nonsuit