The opinion of the Court was delivered by
Sedgwick, J.
The pauper, for whose support this action is brought, once had a legal settlement in the town of Bernardston; and such settlement continues, unless “ lost or defeated ” by gaining a new one. But if another settlement has been gained, then her former settlement is “ lost and defeated.”
The case states that, being so settled, on the 4th of March, 1800, she intermarried with Erastus Severance, of Guilford, in the state of Vermont. By the statute of 1793, c. 34, it is enacted, that “a married woman shall always follow and have the settlement of her husband, if he have any within the commonwealth; otherwise, her own at the time of marriage, if she had any, shall not be lost or suspended by the marriage.”
To ascertain, then, whether this pauper lost her settlement in Bernardston, it is only necessary to know whether her husband, at the time of the marriage, had a settlement m any other town in this commonwealth; and the case states expressly that, although the *184 husband, at that time, resided in the state of Vermont, yet he then had a legal settlement in Greenfield, in this commonwealth. The consequence is irresistible: her settlement must follow that of her husband.
* It can make no difference where the marriage was solemnized, whether within or without the commonwealth, provided it be such a marriage as our laws will recognize; nor what was the age of the parties, provided they were competent to contract matrimony.
It only remains to be inquired, whether, by the divorce, for the cause of adultery, the settlement acquired by the marriage was lost. Now, the statute has specified the various “ ways and means,” by which a settlement may be acquired; and has declared that so it may be obtained, “ and not otherwise; ” and a divorce is not enumerated among these “ ways and means.” It cannot, therefore, affect a settlement acquired by the marriage.
Had the divorce been for a cause which would have shown the marriage to have been void, it would have been otherwise; there would have been no such marriage as the statute intended as a mean of acquiring a settlement, (a)
On the whole, we are all clearly of opinion that the plaintiffs cannot prevail.

Plaintiffs nonsuit.

 [Inhab. Middleborough vs. Rochester, 12 Mass. Rep. 368. — Inhab. Medway vs Inhab. Needham, 16 Mass. Rep. 157. — Inhab. Cambridge vs. Inhab. Lexington, Pick. 506. — Ed.]