Parker, C. J.,
delivered the opinion of the Court.
Whether the deposition of Thomas Everton, taken to prove that Freeman Everton, the pauper, was an illegitimate son of his, the said Thomas’s, wife, although born during the marriage, ought to be admitted, has been considered a principal question in this case; although, upon full investigation, the decision does not appear now to turn at all upon that question. It may well be doubted, however, whether a husband can be a competent witness to prove a fact * which amounts to adultery on the part of the [ * 443 ] wife; and it certainly would be against good manners and common decency that such evidence should be admitted.
But the testimony touching the illegitimacy of the pauper ,s immaterial. If a legitimate son of Thomas and his wife, he has his settlement in Canton derivatively from his father; if an illegitimate son of the wife, he has the settlement derivatively from her, she having acquired a settlement in Canton from her marriage.
*400 The only question, therefore, is, whether the pauper had gained or derived a subsequent settlement, by which this settlement in Canton is taken away and lost.
The only place where it can be pretended such settlement has been acquired is Connecticut. Now, it has been uniformly held, that a habitancy or settlement, once lawfully gained in any town in this state, is not affected by any residence or actual settlement gained in another state. Such settlement may be changed from town to town within this state; but if the pauper passes without its bounds and jurisdiction, the place within the state in which he was last lawfully settled remains his settlement; so that, upon his return to such place a pauper, he becomes chargeable there.
The section of the statute upon which this action is brought provides “ that if any person shall bring and leave any poor and indigent person in any town or district in this commonwealth, wherein such pauper is not lawfully settled, knowing him to be poor and indigent, he shall forfeit and pay the sum of twenty pounds for every such offence,” &c.
The pauper left in Canton by the defendant having, when within this commonwealth, a lawful settlement in that town, as before shown, of course this action cannot be supported, and the nonsuit must stand.
Possibly, by the laws of Connecticut, the pauper had gained a settlement by birth, or derivatively from his mother in Preston, or some other town in that state; and a case like this may suggest [" * 444 ] to the legislature some remedy against the * return of paupers from another state, after they have, by the laws of such state, acquired a lawful settlement there. But of this we are not competent to decide, (a)

Costs for the defendant.

 Chelsea vs. Malden, 4 Mass. Rep. 131.— Townsend vs. Billerica, 10 Mass. Rep. 411. — Mendon vs. Bellingham, 1 Pick. 153.