## The Inhabitants of Wilbraham *vs.* The Inhabitants of Sturbridge.

Since the repeal of *St.* 1789, *c.* 14, by *St.* 1793, *c.* 34, a settlement in any town in this commonwealth is not lost by the acquisition of a settlement in another state while the *St.* of 1789 was in force.

In this action, which was brought to recover for expenses incurred by the plaintiffs, in the support of certain paupers alleged to have their settlement in Sturbridge, the defendants offered to prove, in defence, that the paupers in question, if they ever had a settlement in Sturbridge, afterwards, viz., in 1792, acquired a settlement in Stafford, in the state of Connecticut. The judge of the court of common pleas, *Byington,* J., before whom the case was tried, rejected the evidence; and the verdict being for the plaintiffs, the defendants excepted.

*N. T. Leonard,* for the defendants.

*H. Morris,* for the plaintiffs.

Fletcher, J. The only exception insisted on at the hearing of this case was that taken to the ruling of the court of common pleas, excluding the evidence offered to show that the paupers had a settlement in the state of Connecticut.

This is the only point which the court is called on to consider and decide. The simple question presented is, whether a settlement gained in a town in this commonwealth is lost by gaining one in a town in another state; in this instance in the state of Connecticut. The precise point has been so fully settled by express adjudications of this court, that it cannot now be considered as a debatable matter. If it should be considered now as an open question, whether, by the law of this commonwealth, a settlement gained within the same was lost by gaining one in another state, nothing in the law could be regarded as settled. There would seem to be no reason, and no law, in support of the position that a settlement in another state could affect a settlement in this state, unless it were the statute of 1789, *c.* 14.

This statute, after referring to persons who have gained settlements in the ways mentioned, proceeds to say, " and have not afterwards gained a settlement elsewhere in this, or some other of the United States." This act was repealed by the act of 1793, *c.* 34. Although the act of 1789 refers to a settlement gained in " some other of the United States ; " yet, having been repealed by the statute of 1793, it has never been held in any case, or at any time, that a settlement gained in this commonwealth would be lost by gaining one in another state ; but the contrary has always been held and adjudged.

It is not necessary, nor would it be at all useful, to go into a particular examination of the original grounds on which this doctrine was established. It is sufficient, that it is fully established, and has been uniformly so held and adjudged, during a long period, by this court. In 2 Dane Ab. 421, it is said : " The act of June 23d, 1789, looked also to settlements gained in other states; but it is held that since the act of 1793 was passed, the court will not look into settlements gained there," that is, in other states. Here it is distinctly laid down, that since the repeal of the act of 1789, the court will in no case look into a settlement in another state. The reasons why the court, since the repeal of the act, will not look into a settlement gained in another state, during the continuance of the act, are not stated, and do not appear, and

cannot therefore now be certainly known; but probably they were ound in the views taken by the court of the effect of the repealing act.

In the case of *Chelsea* v. *Malden*, 4 Mass. 131, 133, Parsons, C. J., says: " Setting out with the known principle, that any man having a legal settlement in any town in the state, does not lose it but by gaining a settlement in some other town in the state."

In the case of *Townsend* v. *Billerica*, 10 Mass. 411, 413, the court say: " The general principle, that a settlement in a town in this commonwealth is not lost until another settlement in some other town within the commonwealth is gained, applies in this case. Even if it had appeared that Samuel Lewis had gained a settlement in New Hampshire, by any provision of the laws of that state upon this subject, it would not have operated to deprive him of his settlement within this state; which is not lost, but by another settlement gained within this jurisdiction, where all the consequences, as they respect the provision made by law for the support of paupers, may be enforced. So too if Isaac, the son, gained a settlement in New Hampshire by his birth there, this had no effect on his settlement derived from his father's legal settlement in Billerica, which continued to him, notwithstanding his removal."

The facts of the above-cited case bring it directly within the operation of the statute of 1789, so that the decision of the case is a direct decision, that under the statute and by force of its provisions, a settlement gained in another state will not take away or affect a settlement in this state. This case therefore expressly decides the point in issue in the present case.

There is not the slightest intimation in the above case nor in any other, that under and by force of the statute of 1789, or of any statute or law, a settlement in another state will affect a settlement in this commonwealth; but the contrary is asserted in the broadest and most unqualified terms. Though the statute of 1789 is not, in any of the cases, expressly and particularly referred to, yet it cannot be supposed that its existence escaped the notice and consideration of the court.

In the case of *Canton* v. *Bentley*, 11 Mass. 441, 443, the court say : " Now, it has been uniformly held, that a habitancy or settlement, once lawfully gained in any town in this state, is not affected by any residence or actual settlement gained in another state." There are also other decisions of this court which bear upon this question. ' See *Dalton* v. *Bernardston*, 9 Mass. 201 ; *West Cambridge* v. *Lexington*, 1 Pick. 506.

It is quite obvious, that the provisions of the law of this commonwealth, for the support of paupers, cannot be enforced against a town in another state ; so that if a person, having a settlement in a town here, should lose it by gaining one in another state, and should then be in need of assistance in this state, he would, by such a doctrine, become a state pauper, instead of being chargeable on a town ; a result by no means advantageous to the pauper or to the public. Principally upon the authority of the decisions of this court, it has been decided in New Hampshire, that a settlement in that state is not defeated by a settlement gained in another state. *Landaff* v. *Atkinson*, 8 N. H. 532. By the Rev. Sts. *c.* 45, § 3, it is provided, that every legal settlement shall continue until it is lost or defeated by acquiring a new one within the state.

The ruling of the court below being according to the law as it has been uniformly held and adjudged by this court, and as now well settled, the exceptions must be overruled, and judgment rendered on the verdict.