INHABITANTS OF OLDTOWN *vs.* INHABITANTS OF BANGOR.

*Citizens of U. S.—children of citizens born out of U. S.. Child of naturalized
citizen, born out of U. S., takes derivative settlement of father upon coming
into the State.*

By virtue of the act of congress, approved Feb. 10, 1855, c. 71, a person born out
of the jurisdiction of the United States is a citizen thereof, if, at the time of
his birth, his father was a citizen of the United States.

If a naturalized citizen, after obtaining a legal settlement in a town in this State,
removes to the province of New Brunswick, his child born there, upon coming
into the State takes the settlement of his father, although the father does not
return.

ON FACTS AGREED.

Action for supplies furnished by the plaintiff town to James
Walker, as a pauper, who fell into distress in that town, June 22,
1868.

Seasonable notice and denial were given.

George Walker, father of the pauper, was born a British subject,
in Ireland; came to Bangor in October, 1827, where he was natu-
ralized in January, 1834; resided in Bangor, exercising the rights
of a citizen, until July, 1841, when he moved with his family into
the province of New Brunswick, where he went into business, and
has ever since resided, exercising the rights of a citizen of that
Province; on April 14, 1842, while George Walker was residing in
and exercising the rights of a citizen of that Province, the pauper,
the legitimate son of George Walker, was born; he resided with
his father in the Province until the spring of 1858, when, being
sixteen years of age, with the consent of his father, he went to
Houlton, in this State, to learn a trade; in August, 1861, the
pauper enlisted into the army of the United States as of Woodstock,
N. B.; remained in the army until 1865; was married in Houlton
in July, 1865; went into business in Woodstock, N. B.; thence he
went with his wife and lived with his father, where he remained in

business a short time and then moved with his wife to Houlton and resided there till June 22, 1868, when, on his way to Lewiston for labor, he received an injury in the plaintiff town, fell into distress there, and received the aid sued for.

James Walker never resided in Bangor, and never gained a legal settlement in any town in this State in his own right, and he has never been naturalized under our naturalization laws.

If, upon these facts, James Walker had a legal settlement in Bangor, the defendants to be defaulted.

*Sewall & Blanchard*, for the plaintiffs.

A citizen of the United States, by becoming a citizen of another country, does not thereby cease to be a citizen of the United States. 3 Dall. 133; 7 Wheat. 548; 3 Pet. 161; Case of Martin Coszta.

The pauper, though born in a foreign government, is a citizen. 10 U. S. Stat. 604.

No person can by any act of his own, without the consent of his government, put off his allegiance and become an alien. *Shanks* v. *Dupont*, 3 Pet. 246.

Allegiance attaches at the time of birth, under circumstances in which the family owes allegiance, and is entitled to protection, and no act of the citizen can relieve him from it. *Calais* v. *Marshfield*, 30 Maine, 511.

Expatriation, and domicil under a foreign government, *animo manendi*, furnish no evidence of an intention to renounce allegiance, however long the residence is continued. *Ludlam* v. *Ludlam*, 26 N. Y. 356.

Counsel also elaborately argued, that even if James Walker was born an alien in a foreign jurisdiction, it would constitute no defense to this action, inasmuch as the pauper statute of this State makes no distinction between a citizen and an alien, citing *Landaff* v. *Atkinson*, 8 N. H. 535; *Townsend* v. *Billerica*, 10 Mass. 411; *Canton* v. *Bentley*, 11 Mass. 441; *Wilbraham* v. *Sturbridge*, 6 Cush. 61; *Payne* v. *Dunham*, 29 Ill. 125; *Knox* v. *Waldoboro*, 3 Greenl. 455; *Calais* v. *Marshfield*, 30 Maine, 520.

*A. L. Simpson,* city solicitor, for the defendants, cited *Lyndon* v. *Danville,* 28 Verm. 809; *Albany* v. *Derby,* 30 Verm. 718; *Westford* v. *Essex,* 31 Verm. 459; *Elmer* v. *Calais,* 33 Verm. 468; *Calais* v. *Marshfield,* 30 Maine, 511.

APPLETON, C. J. The father of the pauper was an alien, who had been naturalized in this State, and after his naturalization had acquired a settlement in Bangor. Subsequently to this the father removed to the Province of New Brunswick, where he has since resided and where the pauper was born.

The rights and privileges of citizenship, whether arising from birth or acquired by naturalization are the same. The father, when he removed, was a citizen of the United States, and remained so notwithstanding his absence from its jurisdiction. Though the pauper was born in New Brunswick, he is to be regarded as a citizen of this government by virtue of the act of congress, approved 10th February, 1855, c. 71, which provides " that persons heretofore born, or hereafter to be born out of the limits and jurisdiction of the United States, whose fathers were or shall be, at the time of their birth, citizens of the United States, shall be deemed and considered, and are hereby declared to be citizens of the United States." By the express provisions of this act the pauper is declared to be a citizen, and cannot be regarded as an alien.

By R. S., c. 24, §. 2, " Settlements acquired under existing laws remain until new ones are acquired." The settlement of the father remained in the defendant city, notwithstanding his absence. Its liability for his support, in case of his falling into distress, would revive on his return.

By § 1, "legitimate children have the settlement of their father if he has any in the State." The pauper, being legitimate, has the settlement of his father. The fact that he was born without the jurisdiction of the State does not change the result. In *Townsend* v. *Billerica,* 10 Mass. 411, it was held, where A., having a settlement derived from his father, removed to New Hampshire and there had a son born, who afterwards came into this State and had

children, that these children had a derivative settlement from their grandfather. The court there held that even though the grandfather might have gained a settlement in New Hampshire, it would not operate to deprive him of his settlement gained in Massachusetts. In *Canton* v. *Bentley*, 11 Mass. 441, the pauper, whose settlement was in dispute, was born in Connecticut, but the father, before his removal, had acquired one in Massachusetts. It was decided that upon the son's coming into the latter State, he had a derivative settlement from his father. A person, who has acquired a settlement, retains it until another is gained, and transmits it to his children though born in another State. *West Cambridge* v. *Lexington*, 1 Pick. 505 ; *Landaff* v. *Atkinson*, 8 N. H. 532. If one, having a legal settlement in Vermont, remove to another of the United States and never returns, his children born there take the settlement of their father upon coming to Vermont. *Westford* v. *Essex*, 31 Verm. 459. It is immaterial whether the father returns or not, the children take his settlement derivatively. Nor can it be important in what jurisdiction they are born,—whether in that of one of the United States or of some foreign government. The same consequences must follow in either case, when the children are citizens and not aliens at the time of their birth.

*Defendants defaulted.*

CUTTING, KENT, WALTON, DICKERSON, DANFORTH, and TAPLEY, JJ., concurred.