JAMES F. YOWELL, Respondent, v. B. F. VAUGHN, Appellant.

### St. Louis Court of Appeals, January 30, 1900.*

1. **Damages for Alienation of Wife's Affections: EVIDENCE: CONFIDENTIAL COMMUNICATIONS.** If for misconduct and ill treatment of the plaintiff's wife she left him, and not on account of the influence and persuasion of the defendant, it is material to the defense to prove these facts affirmatively.

2. ————: ————: ————. And when the questions propounded to the witness, wife of plaintiff, were such as to bring out this character of proof, i. e., that the separation was caused by maltreatment of the wife of plaintiff, they did not call for the disclosure of confidential communications between the witness and her husband while that relation existed, and the witness should have been permitted to answer them.

3. ————: ————: DAMAGES, PUNITIVE: MALICE: PRACTICE AND PROCEDURE. In an action for the alienation of the wife's affections, to authorize a recovery of punitive damages it is necessary to both allege and prove malice, but not so to warrant a recovery of ordinary damages.

4. ————: ————: ————: PRACTICE, APPELLATE. Where the record discloses substantial evidence in support of a verdict, appellate courts will not interfere.

* NOTE.—Received by the reporter November 20th, 1900.

Appeal from the Monroe Circuit Court.—*Hon. Reuben F. Roy,* Judge.

REVERSED AND REMANDED.

*J. H. Whitecotton* and *J. M. Crutcher* for appellant.

(1) Where there is an entire absence of any substantial evidence tending to prove the material allegations of the petition, or the evidence is insufficient in law to support a verdict, it is error to refuse to give an instruction in the nature of a demurrer. Charles v. Patch, 87 Mo. 450; Hyde v. Railroad, 110 Mo. 272; Gutridge v. Railroad, 105 Mo. 520; Twohey v. Fruin, 96 Mo. 104. (2) Appellant contends that under the authorities in this state the court should have sustained appellant's motion in arrest of judgment for the reason that the petition in this said cause does not state a cause of action against defendant. Modisett v. McPike, 74 Mo. 636; Nichols v. Nichols, 134 Mo. 187.

*W. E. Whitecotton* and *G. W. Whitecotton* for respondent.

The pleadings in this case are copied in appellant's abstract of the record and a fair abstract of pleadings is found in his brief, which raises but one issue of fact: to-wit, the charge by Yowell that Vaughn caused the loss of his wife's affections, and a denial thereof by Vaughn. Appellant's first assignment of error is, the court's refusal to permit Mrs. Cordelia Yowell to tell how Mr. Yowell treated her during the last three or four years they lived together and also why she left him. This witness was permitted however to testify that Mr. Vaughn "in no way, shape or form" induced her to separate from her husband, while appellant did

not state and preserve of record what he expected to prove by Mrs. Yowell in answer to the question excluded and is not entitled to have his assignment of error considered on appeal, therefore it is quite apparent that these questions called for acts and communications between husband and wife. In other words, it was asking the divorced wife to testify to acts and communications between her and her husband during the existence of the marital relation. At common law she could not do so, nor is there any statutory exception permitting her to do so. R. S. 1889, sec. 8922; Loovey v. Baxter, 59 Mo. App. 470; Moore v. Wingate, 53 Mo. App. 398.

BLAND, P. J.—The petition alleges that plaintiff and Amanda C. Poage were married to each other on November 2, 1876 and continued to live together, until the —— day of October, 1894; that three children were born of their marriage, and that the marriage had been a happy one; that defendant (whose wife was a sister of plaintiff's wife), was on the most intimate and friendly relations with plaintiff and his wife and was a frequent visitor at their house, and that by reason of these friendly and intimate relations the defendant had an undue influence over plaintiff's wife; that on and before the —— day of October, 1894, defendant intentionally, wrongfully and wickedly, intending to deprive plaintiff of the society and companionship of his wife, by a system of slanders and insinuations against the character and conduct of plaintiff and by other deceitful means, poisoned the mind of plaintiff's wife against him, alienated her affections from him, and persuaded and procured her to separate from him and to renounce the relation of husband and wife between them, and that defendant induced his said wife to sue plaintiff for a divorce, which culminated in a final decree of divorce in favor of his wife and against the plaintiff, for all of which the petition prays damages in the sum of $10,000.

Yowell v. Vaughn.

The answer admits the marriage, separation and divorce, and alleges affirmatively that the wife while she lived with plaintiff demeaned herself as a wife should and treated plaintiff with kindness and affection, but that plaintiff was so violent and cruel in his treatment of his wife that she was compelled to separate from him, and denies that either the separation or divorce was caused by any act, word or misconduct of defendant.

The new matter in the answer was put in issue by a reply. A trial was had by jury, resulting in a verdict and judgment for plaintiff for one cent. Timely motions for new trial and in arrest were filed and overruled, and defendant appealed.

Error is assigned by appellant on account of rulings of the court in the rejection of testimony, for failure to instruct the jury at the close of all the testimony to find the issues for the defendant and for the giving of certain instructions on the part of respondent, and the refusal of one asked by appellant.

1. Mrs. Yowell (respondent's former wife) was a witness for appellant. She was asked to state why she left the respondent. Respondent objected to this question, and the court sustained the objection, to which ruling appellant saved an exception. She was then asked to state what Mr. Yowell's conduct toward her had been during the time she lived with him, two, three or four years prior to the separation. Respondent objected to this question; the objection was sustained, to which ruling the appellant saved an exception. She was then asked whether or not the appellant Vaughn induced her in any way to separate from her husband. She answered no, and that no person induced her to leave her husband. The separation and divorce are admitted facts by the pleadings. The answer avers that on account of the cruel, un-

VOL. 85 app—14.

kind and violent conduct of the plaintiff toward the wife, she was, for self protection, compelled to separate from him. The cause or causes of the separation was the gist of the action. If for misconduct and ill and violent treatment of plaintiff to his wife, she left him, and not on account of the influence and persuasion of the defendant, it was material to the defense to prove this fact affirmatively, and the questions propounded to the witness were such as to bring out this character of proof if the fact was as alleged in the answer, i. e., that the separation was caused by maltreatment of the wife by the plaintiff. The questions did not call for the disclosure of confidential communications between the witness and her husband while that relation existed, as contended for by respondent; they are to be interpreted with reference to the allegations in the answer, and it is presumed that they were propounded with a view of eliciting answers relevant to the issues raised by the answer and reply,—i. e., that the separation was on account of the cruelty and violence of the husband toward his wife. This course of conduct is not privileged or confidential. To strike or abuse his wife, to use violence toward her person, has never yet been held to be "confidential communications." The error in refusing answers to these questions designed evidently to show that the plaintiff had been abusive to his wife and violent in his treatment to her, for which cause she separated herself from him, was prejudicial error, requiring a reversal of the judgment by us.

2. Appellant objected to the instructions given for plaintiff. They are similar to those given in the case of Modisett v. McPike, which were approved by the supreme court on appeal, 74 Mo. 637, and were again approved in Hartpence v. Rogers, 143 Mo. l. c. 631, but because in Nichol v. Nichol, 147 Mo. 387, instructions in a like case, which contained a direction to the jury to find for plaintiff "if they found that defendants *willfully* and *maliciously* induced plaintiff's hus-

band to separate from her," etc., were approved by the supreme court, the appellant contends that the Modisett and Hartpence cases are so far modified that to authorize a recovery for a tort of this character it is necessary to aver and prove malice. The defendants in the Nichols case were the appellants; the petition averred malice, and the instructions followed the language of the petition in this regard and required the jury to find an element of the tort not necessary to entitle plaintiff to recover ordinary damages. This was not prejudicial to the appellants and furnished no ground for complaint. Doubtless to authorize a recovery of punitive damages in this action it would be necessary to both allege and prove malice, but not so to warrant a recovery of ordinary damages. The relation of husband and wife is one which for reasons of public policy the law guards with jealous care, and does not tolerate an intermeddler with this relation who seeks to promote domestic discord, regardless of the motive which prompts his action. To intentionally sow the seeds of domestic discord, to poison the mind of the wife against the husband, or *vice versa,* which ultimately results in a separation is exceedingly hazardous, whatever the motive, and where it is shown in an action like this that the defendant was the promoter of the discord and that he brought about the separation, he should be held to answer in damages to the injured party, whether he was prompted by a malicious spirit, or by a disposition to intermeddle where it did not concern him.

3. The appellant further contends that his demurrer to the evidence at the close of all the testimony should have been given. We think not. There were circumstances in evidence that warranted the submission of the issues to the jury. They were not convincing, but furnished some evidence, which in the exercise of a sound discretion the court might submit to the jury. Having done so, we will presume that

the trial court, who saw and heard the witnesses, was of the opinion that there was sufficient evidence to warrant the jury to find a verdict for plaintiff, and this presumption becomes conclusive, in view of the fact that the court after the verdict refused to award a new trial. In such circumstances the law is well settled in this state that appellate courts will not interfere, where the record discloses substantial evidence in support of the verdict.

For the errors herein noted, the judgment is reversd and the cause remanded. All concur.