BERNARD G. SCHEFFLER, Respondent, v. SILAS G. ROBINSON, Appellant.

Kansas City Court of Appeals, November 6, 1911.

1. **DAMAGES: Criminal Conversation: Pleading.** Plaintiff sued for damages for criminal conversation between defendant and plaintiff's wife. At the trial plaintiff was allowed to amend his petition by changing the date of the first offense from September, 1908, to July, 1907. The evidence tended to show that the illicit relations began in July, 1907, and continued for more than two years, but the instructions limited. the cause of action to adulterous acts committed within two years next preceding the bringing of suit. The statute of limitations requires such actions to be brought within two years. *Held,* that there was no error in permitting the amendment of the petition and in receiving evidence of acts of adultery committed more than two years before the institution of the suit as the criminal relation is shown to have been continuous.

2. ———: ———: **Witnesses.** In an action for damages for criminal conversation, the divorced wife of plaintiff is a competent witness in his behalf.

3. ———: ———: **Instructions.** No error was committed in refusing instructions that *only nominal damages coud be recovered,* if the jury believed that plaintiff's wife was unchaste and immoral at the time of the beginning of her relations with defendant. No man has the right to invade the home of another and if he does, he cannot find excuse in the fact that he is not the only sinner

Appeal from Clinton Circuit Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED.

*R. H. Musser, M. M. Mulligan* and *Lavelock & Kirkpatrick* for appellant.

The wife of plaintiff was not a competent witness in this action to testify in his behalf to her alleged criminal intimacy with defendant during her marital relations with plaintiff. The prevailing rule at com-

mon law denied the right of the wife to testify either for or against her husband. 1 Greenleaf on Evid. (15 Ed.), sec. 334, p. 477 et seq.; Paul v. Leavitt, 53 Mo. 595, 597; State v. Willis, 119 Mo. 485, 487; State v. Kodat, 158 Mo. 125, 128-9; Bank v. Wright, 104 Mo. App. 242, 252; State v. Bean, 104 Mo. App. 255, 256; Fishback v. Harrison, 137 Mo. App. 664, 668-9; Tockstein v. Bimmerle, 150 Mo. App. 491, 497. The only exceptions to this rule at common law arose from the wife's necessities for her self-protection, and plaintiff's wife did not come within such exception. 1 Greenleaf on Evid. (15 Ed.), sec. 343, p. 485; 3 Rice on Evid., sec. 381, p. 988; State v. Willis, 119 Mo. 485, 487; State v. Kodat, 158 Mo. 125, 128; State v. Bean, 104 Mo. App. 255, 256. Impeached testimony is not sufficient to sustain a verdict. State v. Huff, 161 Mo. 459, 487; State v. Prendible, 165 Mo. 399, 353; State v. Francis, 199 Mo. 671, 688-9; McClanahan v. Railroad, 147 Mo. App. 386, 407-9; People v. Lyon, 51 Mich. 215, 16 N. W. 380; Morganthau v. Walker, 21 N. Y. Supp. 963. A verdict unsupported by substantial evidence will not be permitted to stand. Avery v. Fitzgerald, 94 Mo. 207, 216-7; May v. Crawford, 150 Mo. 504, 527-8; Weltmer v. Bishop, 171 Mo. 110, 116-7; Spiro v. Transit Co., 102 Mo. App. 250, 262 et seq.; Hendley v. Refining Co., 106 Mo. App. 20, 27; Uhrick v. Osborn, 106 Mo. App. 492, 495; Morelock v. Railroad, 112 Mo. App. 640, 644-5; Milem v. Freeman, 136 Mo. App. 106, 117. The verdict of the jury was the result of bias, passion and prejudice, and appellate courts in this State do not hesitate to reverse judgments founded on such verdict. Whitsett v. Ransom, 79 Mo. 258, 260-1; Spohn v. Railroad, 87 Mo. 74, 84; Garrett v. Greenwell, 92 Mo. 120, 125; State v. Primm, 98 Mo. 368, 372-3; Chitty v. Railroad, 148 Mo. 64, 78; Champaigne v. Hamey, 189 Mo. 709, 729 et seq.; Empey v. Cable Co., 45 Mo. App. 422, 426-6; Walton v. Railroad, 49 Mo. App. 627; Tucker

v. Railroad, 66 Mo. App. 141, 147; Lehnick v. Railroad, 118 Mo. App. 611, 616. The verdict received the sanction of but nine jurors. The assessment of damages was so grossly excessive, considering all the facts and the moral aspects of the case in every detail, as to shock a judicial sense of justice. It can only be accounted for on the theory of bias, prejudice and passion, and such a manifestly unjust verdict should not be allowed to stand. Goetz v. Ambs, 20 Mo. 170, 272; Chitty v. Railroad, 148 Mo. 64, 78, 82; Norris v. Whyte, 158 Mo. 20, 34, 36; Gibney v. Transit Co., 204 Mo. 706, 723; Partello v. Railroad, 217 Mo. 645, 661.

*Frank P. Divelbliss* and *James L. Farris* for respondent.

The record fails to show that the bill of exceptions was allowed or signed by the judge, and there is, therefore, nothing for review in this case except the record proper. Harris v. Wilson, 199 Mo. 412; Everett v. Butler, 192 Mo. l. c. 566; Hill v. Butler County, 195 Mo. 511; Keaton v. Weber, 136 S. W. 342; Webster v. Berry, 140 Mo. App. l. c. 386; Novinger v. Railroad, 131 Mo. App. 337; Thorp v. Railroad, 138 S. W. l. c. 102. In an action for criminal conversation, plaintiff's divorced wife is a competent witness to prove her adultery with the defendant during the marital relation. 1 Green. Ev. (14 Ed.), sec. 344 and note; 1 Whart. Ev. (2 Ed.), sec. 429; Ratcliff v. Wales, 1 Hill (N. Y.) 63. Prior adulterous acts of intercourse upon which the Statute of Limitation has run, are admissible to show the intimate relations of the parties, and to corroborate the evidence introduced to establish the illicit acts within the statutory period upon which the recovery is sought. Conway v. Nicol, 34 Iowa 533; Wales v. Miner, 89 Ind. 118; Long v. Booe, 106 Ala. 570. Mrs. Scheffler testified that she was acquainted with the handwriting of the defendant,

159 App.—34.

and that exhibit E, and the signature thereto, were in his handwriting. This was sufficient to permit it to be read to the jury. Besides, she and the defendant had discussed these very letters; had kept up a correspondence for quite a period; and the defendant, himself, says, that he had written and sent her notes on divers occasions. There was not only substantial, but very convincing evidence, of defendant's guilt, and the jury was amply justified in his verdict. The verdict was sufficient in form. Blair v. Paterson, 131 Mo. App. l. c. 126. Prior illicit conduct on the part of the wife is not a bar to an action for criminal conversation, unless the husband's knowledge thereof and assent thereto be made to appear. Unless the husband knows of, and assents to, her previous adultery, it goes only to lessen or mitigate the damages. Sanborn v. Neilson, 4 N. H. 501; Sherwood v. Titman, 55 Pa. St. (5 P. F. Smith) 77; Harrison v. Price, 22 Ind. 165; Conway v. Nicol, 34 Ia. 533; Clauser v. Clapper, 59. Ind. 548; Hockenberry v. Smith, 138 Mich. 129. The gist of the action is the adultery. Seduction, enticement, alienation of affections and loss of service are not the foundation of the action; but they only go to aggravate the offense and enhance the damages. De-Ford v. Johnson, 152 Mo. App. 209; Bigaouette v. Paulette, 134 Mass. 123. If the court, in a civil case, fails to fully instruct on an issue, and a special instruction is requested which is incorrect or incomplete, but sufficient to call the court's attention to the omission, the court should refuse such special instruction, and is not required to give a proper instruction of its own. Barth v. Railroad, 142 Mo. 535; Gas. Co. v. Wheeling, 8 W. Va. 320; Tel. Co. v. Scott, 137 S. W. 587. If the requested instruction is so worded as to be subject to a construction that would make it erroneous, the court need not frame a correct one, but may refuse it altogether. K. C. S. Ry. Co. v. Williams, 111 S. W. 196.

JOHNSON, J.—Action for criminal conversation between defendant and the wife of plaintiff. Verdict and judgment were for plaintiff for three thousand dollars actual damages and the cause is before us on the appeal of defendant.

The suit was commenced March 7, 1910, and the original petition alleged "that on the——day of September, 1908, at Ray county, Missouri, and on divers other days and places since that day the defendant wickedly and wantonly did debauch and carnally know Alice M. Scheffler, then the wife of plaintiff," etc. During the trial, plaintiff was allowed to amend the petition, over the objections of defendant, by changing the date of the first offense from September, 1908, to July, 1907. The evidence introduced by plaintiff tends to show that illicit relations between defendant and Mrs. Scheffler began in July, 1907, and continued for more than two years, but the instructions given at the request of plaintiff restrict the cause of action to adulterous acts committed within two years next preceding the bringing of this suit. The Statute of Limitations in cases of this character provides that the action must be commenced within two years after the commission of the offense. (Sec. 1891, R. S. 1909.) But we think the court did not err in permitting the amendment and in receiving evidence of acts of adultery committed more than two years before the institution of the suit as the criminal relation is shown to have been continuous. As is well said by the Supreme Court of Iowa in Conway v. Nicol, 34 Iowa 533: "While, therefore, it is true that acts of sexual intercourse, had anterior to the Statute of Limitations, cannot be made the basis of a claim for damages, yet they may all be used and considered by the jury to corroborate and strengthen the evidence introduced in support of the act of adultery which is inside of the Statute of Limitations."

To the same effect is the decisions of the Supreme Court of Indiana in Wales v. Miner, 89 Ind. 118, and of the Supreme Court of Alabama in Long v. Booe, 17 So. Rep. 716.

At the trial plaintiff offered proof of a divorce granted him from his wife by the circuit court of Ray county on February 21, 1910, and then introduced his divorced wife as a witness. The defendant objected that she was incompetent to prove any fact which occurred while she was the wife of plaintiff but the objection was overruled and the court held "she can tell nothing that she acquired by reason of her married life, but any knowledge she gained by outside observation she is competent."

The true reason for the rule that husband and wife are incompetent to testify for or against each other is the solicitude of the law that the utmost confidence may be maintained between spouses and that neither should have ground to apprehend that anything might occur to break the seal of such confidence. But where the reason fails, the rule itself does not obtain and we think a case of this nature is beyond the scope of the rule. The marriage relation had been dissolved by divorce, the wife was called by the husband as a witness, she voluntarily appeared and made no claim of privilege and she had no interest to speak in his favor. We fail to perceive any ground on which may be founded the claim that to receive the testimony in question might tend to breed distrust between husband and wife by invading the proper secrecy of the marital relation. The rule for application in criminal conversation cases thus is stated in Dickerman v. Graves, 6 Cush. l. c. 309:

"Mr. Phillips, in his treatise on evidence (1 Phil. Ev., 83; Ib., 3d Am. Ed. 75), thus states the reason of the rule: 'This, as Lord Ellenborough has said, is on the ground, that the confidence, which subsisted between them at the time, shall not be violated in con-

sequence of any future separation. Thus one great source of distrust is removed, by making the confidence, which once subsists, ever afterwards inviolable in courts of law.'

"The general rule, that the husband and wife are not competent to testify against each other, as to what occurred during the marriage relation, even after the marriage contract is dissolved, is no doubt a wise and salutary rule. The object of the law is, that the most entire confidence may exist between those sustaining the relation of husband and wife, and that there may be no apprehension, that such confidence can ever at any time, or in any event, be violated, so far at least as regards any testimony or disclosure in a court of law.

"But the case now under consideration comes neither within the rule nor the principle of the rule. The wife was not called here to testify *against* the husband, but on the contrary she was called to testify and did testify, in his favor, and on his behalf. She herself made no objection, but testified freely and voluntarily. There was and would be no violation of any confidence reposed in her by the husband, for he himself called her to testify, and she testified wholly at his request, and by his procurement. There is nothing, therefore, in the rule of law on this subject, which would warrant the exclusion of the testimony of this witness in the present case."

Another reason may be given in support of the ruling. The secrecy of the offense and its hostility to the marital relation should render the guilty spouse a competent witness *ex necessitate* and in furtherance of the purposes of public policy and public morality. As is truly observed in Ratcliff v. Wales, 1 Hill (N. Y.), l. c. 65:

"In bastardy cases, where the mother is a married woman, it has been uniformly held, that the wife was not a competent witness to prove the non-access

of the husband; but *from the necessity of the thing,* she has been constantly admitted to prove the criminal intercourse by which the child was begotten. [The King v. Reading, Cas. Temp. Hardw. 79; The King v. Inhabitants of Bedell, Andr. 8; The King v. Luffe, 8 East. 193; The King v. Inhabitants of Kea, 11 Id. 132. See, also, Goodright v. Moss, Cowp. 594; Canton v. Bentley, 11 Mass. R. 441.] If the wife was properly admitted, in these cases, to prove her criminal intercourse with the defendant, and that too, when called without the consent of the husband, I do not see how she could properly be rejected here, where she was called to prove the same fact, and with the assent of the husband.''

We find the ruling of the learned trial judge to be well supported by authority (1 Greenleaf on Evid. (14 Ed.), sec. 344 and note; 1 Wharton on Evidence (2d Ed.), sec. 429; Babcock v. Booth, 2 Hill (N. Y.) 181; Carpenter v. White, 46 Barb. 291; Toovey v. Baxter, 59 Mo. App. 470; Long v. Martin, 152 Mo. l. c. 675; McClosky v. Pub. Co., 163 l. c. 27; Yowell v. Vaughn, 85 Mo. App. 206; French v. Ware, 26 Atl. 1096 (Vt.); Coy v. Humphreys, 142 Mo. App. 92; Smith v. Meyers (Neb.), 71 N. W. Rep. 1006), and give it our approval, restricting its application, however, to cases of the character of that now under consideration.

Defendant contends that his instruction in the nature of a demurrer to the evidence should have been given for the reason that he successfully impeached the credibility of Mrs. Scheffler and a negro woman on whose testimony the verdict must stand, if at all, and invokes the rule that impeached testimony is not sufficient to sustain a verdict. A number of witnesses introduced by defendant testified that the reputation of both witnesses for veracity was bad. Other witnesses testified to carnal knowledge of Mrs. Scheffler, both before and during the period of her meretricious rela-

tion with defendant, and in addition it appears beyond dispute that after the storm broke, she accepted three thousand dollars of defendant and in return gave him her affidavit, in which she attempted to exculpate him from the charge of wrong doing. Afterward she paid the money back to defendant but he is urging her affidavit as strong impeaching evidence.

On the other hand we find substantial evidence tending to show that until her intercourse with defendant, Mrs. Scheffler was a virtuous woman and that she had criminal intercourse with no other man. We think the impeaching evidence was not conclusive and that the question of her credibility was an issue for the jury to determine. Moreover, we hold the verdict does not stand alone on the testimony of the two assailed witnesses. There are many things in the conduct and testimony of defendant strongly indicative of guilt, not the least of which is the fact, about which there is no real controversy, that he sought out the wife of plaintiff and gave her a large sum of money for an affidavit he vainly thought would tie her tongue. If defendant is innocent he has acted with the greatest folly since, at all times, from the beginning of the alleged liason in his conversations and actions he has placed himself in the unenviable state of those spoken of in the proverb who lie down with the dogs and get up full of fleas. Unquestionably the verdict is supported by substantial and credible evidence and we rule that the court committed no error in sending the case to the jury.

The principal ground on which defendant complains of the refusal of some of the instructions asked by him is untenable. It is the idea of defendant that on the hypothesis that plaintiff's wife was unchaste and immoral at the time of the beginning of her relations with defendant plaintiff can recover only nominal damages. "The authorities recognize a pronounced distinction between the essential elements of

an action for the alienation of affections and an action for criminal conversation. In the latter the fact of adultery is all important and the fact of which of the guilty parties was the seducer is unimportant; while in the former the crucial issue is whether the defendant enticed the wife, alienated her affections, and injected himself between husband and wife to the destruction of their mutual happiness.'' DeFord v. Johnson, 152 Mo. App. l. c. 214.

There is no room in the evidence for the thought that plaintiff knew of and acquiesced in the delinquencies of his wife and to hold that he could recover only nominal damages if his wife secretly had been immoral with other men and was not seduced by defendant would be a most pernicious doctrine. No man has a right to invade the home of another and if he does, he cannot find excuse in the fact that he is not the only sinner. The only issue in a case of criminal conversation is whether or not the defendant was guilty of adultery with the wife of plaintiff without the consent of the latter. If guilty he must respond in substantial damages.'

We find no prejudicial error in the rulings of the court in the giving and refusing instructions. The verdict is not excessive. While the sum defendant attempted to pay to defeat the action affords no legal criterion for measuring the damages there is poetic justice in awarding to the injured husband the exact sum defendant attempted to use in the further degradation of the wife he debauched.

The judgment is affirmed. All concur.