## CITY OF BANGOR *vs.* INHABITANTS OF VEAZIE.

### Penobscot.   Opinion January 5, 1914.

*Abandonment.   Custody of Children.   Divorce.   Emancipation.   Minor
Children.   Pauper.   Pauper Settlement.*

Action for pauper supplies furnished two minor children of Ralph Spencer.
Ralph Spencer, the father, whose pauper settlement was in Veazie in Octo-
ber, 1902, when he left his wife and children and went to Washington and
has not returned, and has not communicated with his children or made any
provision for them.   Nellie M. Spencer, the wife of Ralph Spencer and
mother of the children, was divorced from Ralph Spencer in January, 1906,
and was married in April, 1908.   The care and custody of said children
were given to her and have remained with her ever since.

*Held:*

1. That the abandonment of his children by Ralph Spencer effected their
   emancipation and they took the pauper settlement of the father, then in
   Veazie, which continued until they gained a new one for themselves, the
   power to do which is acquired after they are of age.
2. The decree of divorce in and of itself did not effect the settlement, either
   of the wife or of the children, divorce not being enumerated among the
   ways and means by which a settlement may be acquired or affected.
3. Nor is a decree of court, awarding the custody of children to one or the
   other parent, one of the methods provided by statute for the acquirement
   of settlements.
4. The statute (R. S., c. 27, sec. 3) does not speak until the end of five
   years and when it does speak, it has no retroactive force to bring a loss
   of settlement to those who at one time derived their settlement from such
   party, but do so no longer.

On report on an agreed statement.   Judgment for the plaintiff
for the sum of $103.07, with interest on the sum of $24.90 from
November 16, 1911, and interest on $78.17 from the date of the writ.

This is an action of assumpsit to recover for pauper supplies
furnished to Everett W. Spencer and Paris A. Spencer, minor
children of Ralph Spencer and his wife Nellie M. Spencer, between
September 14, 1910, and March 15, 1912, amounting to $103.07.
Ralph Spencer, whose pauper settlement was in Veazie, left his
wife and said minors and went to the State of Washington, and has
not returned, or communicated with, or provided for them.   The
wife removed from Veazie in 1902 and has not lived in Veazie since.

That in January, 1906, she was divorced from Spencer and the care and custody of said children was decreed to her, and they have been with her ever since. In April, 1908, Nellie M. Spencer was married to one Maloy.

By agreement of the parties, the case was reported to the Law Court upon an agreed statement of facts for decision; the court to enter such judgment as the rights of the parties require.

The case is stated in the opinion.

*B. W. Blanchard,* for plaintiff.

*George E. Thompson,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, KING, BIRD, PHILBROOK, JJ.

BIRD, J. This is an action for pauper supplies furnished two minor children of Ralph Spencer on and between September 14, 1910 and March 15, 1912. It appears from the agreed statement of facts that Ralph Spencer, having his pauper settlement in Veazie, in the month of October, 1902, left his wife and said minors, went to the State of Washington and has not returned to the State of Maine, except on one occasion when, coming for a business purpose, and neither communicating with his children nor making provision for them, he remained for a few days only.

His wife, Nellie M. Spencer, removed from the town of Veazie either in the year 1902 or 1903 and lived for some time in Milford, in this State. On the eighteenth day of January, 1906, she was decreed a divorce from her husband and the care and custody of the two minors were given the mother, in whose care and control they have since remained. The records of the plaintiff city show that Nellie M. Spencer and one Maloy, each of Bangor, were married in that city on the thirteenth day of April, 1908. It is also agreed that Nellie M. Spencer had neither then nor ever a pauper settlement in Bangor and that Maloy never had a pauper settlement either in Bangor or Veazie; that Nellie M. Spencer neither at the time of her second marriage nor ever had such settlement in Bangor, and that, since her removal in 1902 or 1903, she has never lived in Veazie nor asked nor received pauper supplies for herself from either Veazie or any other city or town. Both the minors were born in Veazie, one in 1898 and other in 1900. To their support or that

of his wife, Ralph Spencer has made no contribution since he left them in 1902.

The plaintiff claims the settlement of the two children to be in Veazie and defendant denies its liability.

It is apparent that at the time the father abandoned his children, his and their pauper settlement was in Veazie. R. S., c. 27, secs. 1, 2. Upon the authority of *Thomaston* v. *Greenbush,* 106 Maine, 242, 244, 245, and cases cited, this abandonment of his children effected their emancipation and they took the pauper settlement of the father, then Veazie, which continues until they gain a new one for themselves, the power to do which is acquired only after they are of age. R. S., c. 27, secs. 1, 6, paragraphs IV, VII and VIII not applying; see *Exeter* v. *Stetson,* 89 Maine, 531, 533.

The decree of divorce in and of itself did not affect the settlement either of the wife or of the children, *Howland* v. *Burlington,* 53 Maine, 54; see *Marlborough* v. *Hebron,* 2 Conn., 22; a divorce not being enumerated among the ways and means by which a settlement may be acquired or affected: *Dalton* v. *Bernardston,* 9 Mass., 201, 203. See Laws 1821, c. 122, secs. 1, 2. Nor is a decree of court awarding the custody of children to one or the other parent one of the methods provided by statute for the acquirement of settlements. See *Marlborough* v. *Hebron,* supra; *Carthage* v. *Canton,* 97 Maine, 473, 478.

The defendant invokes the aid of R. S., c. 27, sec. 3, which incorporates the amendment of 1893, Pub. Laws, c. 269. This provision has been construed by this court in *Portland* v. *Auburn,* 96 Maine, 501, and *Thomaston* v. *Greenbush,* supra. In the latter case it is said "the statute does not speak until the end of five years and when it does speak it has no retroactive force to bring a loss of settlement to those who at one time derived their settlement from such party but do so no longer." *Thomaston* v. *Greenbush,* 106 Maine, 246-7. In the case at bar the minors upon their abandonment and emancipation by the father in 1902, then took his settlement which was unaffected by his loss of settlement five years later.

> *Judgment for plaintiff for the sum of $103.07 with interest on the sum of $24.90 from November 16, 1911, and interest on the sum of $78.17 from the date of the writ.*