**Richard Dale SMITH, Plaintiff-Respondent,**

v.

**M. Eugene WHALEN, Defendant-Appellant.**

No. 41221.

Missouri Court of Appeals, Eastern District, Division Four.

February 3, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 4, 1981.

Application to Transfer Denied May 11, 1981.

McQuie & Deiter by Walter D. McQuie, Jr., Montgomery City, for defendant-appellant.

Van Matre & Van Matre by Everett S. Van Matre, Mexico, for plaintiff-respondent.

SATZ, Judge.

Plaintiff brought this action for damages because of defendant's criminal conversation with plaintiff's wife. A jury awarded plaintiff $25,000 as damages. Defendant appeals. We affirm.

In our review, we take the trial record as it stands and so must defendant's present counsel on appeal. In his answer and at trial, defendant admitted having sexual intercourse with plaintiff's wife while she was married to plaintiff. During opening statement, defendant's counsel referred to plaintiff's possible damages resulting from defendant's conduct by stating:

"It will be our position, Ladies and Gentlemen, that at the close of all the evidence we will expect you to find that if [plaintiff] has suffered anything, it was

due to his own fault and not [defendant's] fault and bring in a verdict of one dollar. Thank you."

At that point, plaintiff's attorney asked leave to approach the bench and, at the bench, the following discussion took place:

"[Plaintiff's Attorney]: Does that constitute an admission that he is entitled to a verdict? I think that will shorten the evidence.

The Court: That seems to be an admission of liability.

[Defendant's Attorney]: We admit that, Your Honor. We admit nominal damages.

The Court: Very well."

No verdict director was given to the jury. Rather, in its stead, the court submitted a modified damage instruction (MAI 4.01) which required the jury to award plaintiff compensation "for any damage" the jury believed plaintiff suffered as a direct result of defendant's conduct.[1]

Defendant contends that actual damages are an essential element of the tort of criminal conversation. He also argues that the above-quoted statements of his counsel, made during opening argument and at the bench conference, did not constitute an admission of actual damages. Therefore, defendant reasons, whether plaintiff suffered actual damages is an issue which should have been submitted to the jury, and the court's failure to do so was prejudicial error. We disagree.

The division of causes of action into those which require as one of the elements for recovery the infliction upon plaintiff of actual damages, and those which do not, is a product of the murky history of common law procedure. *McCormick, Damages,* § 22, p. 88 (1935). Attempts have been made to generalize a rule for this division based upon the forms of common-law actions. Thus, it has been said "that nominal dam-

1. This instruction reads:
   "You must award plaintiff such sum as you believe will fairly and justly compensate the plaintiff for any damages you believe he sustained as a direct result of the conduct of the defendant."

ages could be awarded in tort cases that had their roots in the writ of trespass, as distinct from the action on the case.... It was also said that claims having their roots in the action on the case, were not actionable at all unless some pecuniary harm was shown." *Dobbs, Remedies,* § 3.8, p. 192 (1973). However, as shown by *Dobbs,* the generalization based upon historic common-law forms of action is not very accurate. *Id.* at 192. To determine whether actual damages are an essential element of a cause of action, the safest guide is the rule developed for that particular cause of action.

■■■ Defendant does not define his concept of the term actual damages as that term would be used in connection with the tort of criminal conversation. Apparently, defendant uses this term in the same manner as that term is used in a negligence action. Contrary to defendant's use of the term and his derived contention, actual damages are not an essential element of criminal conversation. *Lewellen v. Haynie,* 287 S.W. 634, 638 (1926); *Scheffler v. Robinson,* 159 Mo.App. 527, 141 S.W. 485, 487 (1911). This tort's principal focus is on the interference with intangible or dignitary interests rather than on the interference with physical or economic interests. The tort is accomplished by adultery. *Lewellen v. Haynie, supra,* 287 S.W. at 638. Adultery with a wife interferes with the husband's marital and relational interests and, in its tort aspect, this interference usually is labeled criminal conversation. *Prosser, Torts,* § 124, p. 875 (4th ed. 1971). "[T]he real basis for recovery clearly is the defilement of the marriage bed, the blow to family honor, and the suspicion cast upon the legitimacy of the offspring". *Id.* at 875. These injuries are inherent in or flow naturally from the sanctioned conduct and, thus, the tort is completed when the conduct is proved or admitted. *See Lewellen v. Hay-*

*nie, supra; Scheffler v. Robinson, supra.* As stated in *Lewellen, supra,* 287 S.W. at 638:

> "To sustain an action for criminal conversation two things must be established: (1) an actual marriage between the spouses, and [2] sexual intercourse between the defendant and the guilty spouse during coverture."

This recognition of the aggrieved spouse's right unrelated to actual damages sustained is merely a mandate that under the stated conditions an adverse judgment will be entered in favor of the aggrieved spouse without proof of actual damages. Stated otherwise, the damages are "presumed", or "the wrong is ... damage in and of itself" *Dobbs, Remedies,* § 7.3, p. 528 (1973).[2] Thus, "[t]he only issue in a case of criminal conversation is whether or not the defendant was guilty of adultery with the wife of the plaintiff without the consent of the latter", *Scheffler v. Robinson, supra,* 159 Mo.App. 527, 141 S.W. at 487. Defendant's admission here of a violation of plaintiff's marital rights is sufficient to support plaintiff's cause of action. *See Lewellen v. Haynie,* and *Scheffler v. Robinson, supra; see also Fennell v. Littlejohn,* 240 S.C. 189, 125 S.E.2d 408 (1962).

Defendant also argues that his counsel's statements were equivocal. We disagree. His counsel's statement, "We admit that", in response to the judge's comment, "That seems to be an admission of liability", can be construed reasonably only as an admission of liability. Further, his counsel specifically stated, "We admit nominal damages". This admission, in the present cause of action, was an admission of all elements of the tort.

■■■ This unequivocal admission of fact in counsel's opening statement is a judicial admission. *DeArmon v. City of St. Louis,* 525 S.W.2d 795, 799 (Mo.App.1975); *Bayer*

---

**2.** "A better explanation is that what the law always requires as a basis for judgment for damages is not loss or damage, but '*injuria*,' and that the breach of one of these ... [digni-

tary] rights is an '*injuria*,' and hence damages are allowed, though there has been no loss or damage." *McCormick, Damages,* § 20, p. 86 (1935).

*v. American Mutual Insurance Co.*, 359 S.W.2d 748, 753 (Mo.1962). As such, it is conclusive on the matter being admitted. *Hewitt v. Masters*, 406 S.W.2d 60, 64 (Mo. 1966), *May v. May*, 294 S.W.2d 627, 634 (Mo.App.1956), *Kelley v. National Lead Co.*, 240 Mo.App. 47, 210 S.W.2d 728, 731 (1948). Here, then, liability and "presumed" damages were removed from the field of disputed issues. Only the amount of damage remained in dispute following the admission. With this admission, the failure to submit the conceded issues in a verdict director was not error. *See, e. g., Wyckoff v. Davis*, 297 S.W.2d 490, 496 (Mo.1957).

In a related complaint, defendant contends the trial court improperly refused to submit his "converse" instruction which reads:

"Your verdict must be for defendant if you do not believe the plaintiff has sustained damages."

This contention rests on defendant's previous contention that the jury should have been required to determine whether plaintiff sustained damages. Consistent in his position, defendant now argues he should have been permitted to converse the element of damages. We disagree. As demonstrated, in the present case no error was committed in not submitting the element of damages to the jury. Therefore, defendant's converse was inappropriate. *See Aubuchon v. LaPlant*, 435 S.W.2d 648, 652 (Mo.1968).

Defendant also contends the trial court improperly refused to give an affirmative defense instruction which reads:

"Your verdict must be for the Defendant if you believe Plaintiff expressly or impliedly consented to his wife's associating with the defendant."

We disagree. Admittedly, consent of plaintiff to the sanctioned conduct is a bar to criminal conversation. *Comte v. Blessing*, 381 S.W.2d 780, 788 (Mo.1964); *Reynolds v. Jobes*, 565 S.W.2d 690, 700 (Mo.App.1978). As noted, however, defendant here admitted liability. Liability ensues only when a plaintiff has established the essential elements of his cause of action and overcomes any defenses. To say that one might have a valid defense is to say he might not be liable. Defendant's admission is conclusive and thus precludes the submission of any affirmative defense to the jury. *See Hewitt v. Masters, supra* at 64; *May v. May, supra* at 634; *Kelley v. National Lead Co., supra*, 240 Mo.App. 47, 210 S.W. at 731.

Finally, defendant complains the $25,000 judgment was excessive. He argues the judgment had no support in the facts, was against the weight of the evidence and was the product of the jury's bias and prejudice. This court will not interfere with a verdict on grounds that damages are excessive unless the verdict is shockingly excessive and so large as to offend all sense of right. *Johnson v. St. Louis Public Service Co.*, 256 S.W.2d 308, 314 (Mo.App.1953). Moreover, in actions for criminal conversation, our courts have very rarely reversed a judgment on the grounds that the verdict was excessive. *Lewellen v. Haynie*, 287 S.W. 634, 645 (Mo.1926). The wrongful invasion of a husband's marital rights has no precise market value and its valuation is a matter about which reasonable persons may and do differ. *See Fennell v. Littlejohn, supra*, 240 S.C. 189, 125 S.E.2d at 414. Thus, we will not set aside this verdict as excessive unless the record shows the verdict returned was the result of passion, prejudice or corruption of the jury. *See, e. g., Blevins v. Cushman Motors*, 551 S.W.2d 602, 614–615 (Mo. banc 1977). The size of a verdict alone does not establish passion, prejudice or corruption of a jury. *Blevins v. Cushman Motors, supra* at 615. In order for defendant to show prejudice of the jury, he must show occurrences at the trial which caused the jury to ignore the evidence and the instructions. *Rinker v. Ford Motor Co.*, 567 S.W.2d 655, 666 (Mo.App.1978). Defendant points to no incident which would have created prejudice against him on the part of the jury. We are unable to attribute the size of the verdict to prejudice

against defendant. This point is without merit.

Judgment affirmed.

SMITH, P. J., and SIMON, J., concur.