## LUCY M. WHITING *vs.* FRANK WHITING.

Under the St. of 1870, *c.* 404, § 3, this court may in its discretion make absolute a decree of divorce, upon evidence that the parties have lived apart for three consecutive years, without special reasons being shown therefor other than the facts disclosed by the record of the case.

Upon an application under St. 1870, *c.* 404, § 3, to make absolute a decree of divorce *nisi*, evidence is not admissible to disprove the existence of the facts upon which the decree was founded.

In the absence of fraud in obtaining it, a decree for divorce *nisi* will not be opened three years after it was granted, to let in evidence to contradict the facts upon which it was founded.

A decree of divorce *nisi* having been made absolute under St. 1870, *c.* 404, § 3, by a single justice, and the exceptions which were reserved before the passage of St. 1873, *c.* 371, (repealing the section of the statute under which the decision was made) having been overruled, *Held*, that the decree should be made absolute as of the time of the deci-sion of the single justice.

LIBEL FOR DIVORCE, in which the libellant alleged that her husband had grossly, wantonly and cruelly neglected to provide suitable maintenance for her, and had contracted gross and confirmed habits of intoxication after marriage. Personal service was made upon the libellee, who appeared, but subsequently withdrew his appearance and was defaulted. A decree of divorce from bed and board was entered in this court, October term, 1869. And now at April term, 1873, the libellant filed her petition, praying that the decree of divorce be made absolute.

At the hearing upon this petition, before *Endicott*, J., it was admitted that the parties had, since the decree, lived separate for three consecutive years, and the libellant rested her case. The libellee then requested the court to rule, that to bring the libellant within the proviso of St. 1870, *c.* 404, § 3, she must show some special reason for making the decree absolute at the end of three years. But the court declined so to rule, but ruled that it was within the discretion of the court to make the divorce absolute.

The libellee had filed an answer to the petition, denying the allegations set forth in the libel itself, and now offered evidence tending to prove that he had not neglected to maintain his wife, and had not contracted habits of intoxication as alleged in the libel, but the court excluded the evidence.

He then filed a motion to open the decree, "and that he be allowed to be heard on the merits of the original libel filed in this cause," but the court declined to hear the evidence and overruled the motion. No evidence was offered of fraud in obtaining the decree.

The court ordered the decree to be made absolute, but the libellee desiring to except to the several rulings, they were reported for the decision of the full court.

*J. H. Benton, Jr.*, for the libellee.

*H. W. Chaplin*, for the libellant.

GRAY, C. J. Upon a consideration of the cause of the decree of divorce *nisi* and the other facts stated in the record of that decree, and the admitted fact that the parties had lived separate

for three consecutive years afterwards, and the omission of the libellee at this hearing, after personal service and appearance, to introduce any evidence affecting the question, it was within the discretion of the court, under the St. of 1870, *c.* 404, § 3, to make the divorce absolute, without requiring any further evidence from the libellant.

The evidence offered by the libellee, tending to prove that he did not neglect to maintain his wife and did not contract habits of intoxication, as alleged in the original libel, was rightly rejected as incompetent, because it directly contradicted the facts conclusively settled between the parties by the former decree. *Edgerly* v. *Edgerly*, 112 Mass. 53.

The further request of the libellee to be allowed to be heard on the merits of the original libel was only made as incidental to his motion to open the former decree; and as that motion was not supported by any evidence of fraud in obtaining the decree, and was made long after the expiration of the term at which the decree was entered, the court rightly refused to entertain it. *Greene* v. *Greene*, 2 Gray, 361. *Lucas* v. *Lucas*, 3 Gray, 136. *Edson* v. *Edson*, 108 Mass. 590.

The case having been decided by a single justice upon full hearing of the parties, and reserved for the determination of the full court, before the passage of the St. of 1873, *c.* 371, repealing in part the provisions of the St. of 1870, the decree should be made absolute as of the time of his decision. *Springfield* v. *Worcester*, 2 Cush. 52. *Kelley* v. *Riley*, 106 Mass. 339.

*Decree made absolute.*