JOHN H. LORD *vs.* ELLEN LORD.

Kennebec, 1876.—March 5, 1877.

*Pleading.*

A petitioner alleges that his wife obtained jurisdiction in a cause of divorce against him by fraud practiced upon the court, and that she procured a decree of divorce without actual notice to him or knowledge on his part, and "prays for a review of the same, that said decree of divorce may be annulled." *Held*, upon demurrer by the respondent, that the petition is not amenable to the objection of duplicity. The petitioner does not seek for a re-trial of the cause on the merits, but asks that the decree be annulled.

But a decree *pro confesso*, does not follow, because the demurrer is overruled. Clear evidence is required to show a fraud upon the court in obtaining jurisdiction, before a decree of divorce can be annulled.

ON EXCEPTIONS.

ON PETITION, called by the petitioner's counsel a petition for annulling a decree of divorce, but by the respondent's counsel a petition for review. The contention was mainly on this distinction ; the petition on which it arose was presented at the August term, 1875, and was of the form following :

"John H. Lord, of Newport, in the state of New Hampshire, respectfully represents, that he was lawfully married to Ellen A. Braun, of Saulsbury, in the state of Connecticut, on the 29th day of September, 1867, and has had by her two children, now living, Nellie B., aged three years, and Henrietta, aged two years ; that he resided in said state of Connecticut, with his said wife, after their marriage, until July 10th, 1874, when his wife went to visit

her friends in Kennebec county, Maine, and spend the summer with them ; it being understood between them that he was to remove their goods and effects to Newport, in New Hampshire, during her absence in Maine ; she and the children to return to him at said Newport, where he had contracted to labor ; that in August of that year, he did move to said Newport; that he received letters from his wife, at said Newport, during the months of October and November, and wrote to her from there, and on the 23d of November, he went to West Waterville, in said county of Kennebec, after his wife and children, and the next day started for his home at Newport with them ; that while at said West Waterville, his wife said to him that she had obtained a divorce from him, but he supposed she was not in earnest, and did not credit it; that she made no objections to returning home with him; did return with him, and lived with him as his wife, at said Newport, until the 24th day of March, 1875, when she deserted him, and left in company with one Walter Chappell, taking with her one of their said children ; that she had since married said Chappell, and is now living with him, as he learns, in New Britain, Connecticut.

Your petitioner further represents, that he has ascertained that his said wife, while in Maine, in said summer of 1874, to wit: on the 27th day of August, sued out a writ from the office of the clerk of the courts of said county of Kennebec, against your petitioner, in a plea of divorce, wherein she alleged, among other things, that she had lived with her said husband as his wife in said state, and made oath, before Rufus K. Stuart, a justice of the peace within and for said county of Kennebec, that she did not know where her said husband, John H. Lord, then resided ; that she had used reasonable diligence to ascertain his residence, but had been unable to do so, and thereupon she had obtained from a justice of the supreme judicial court an order for the publication of notice of the pendency of said suit, in the Kennebec Journal, a newspaper published at said Augusta; that at the October term of the said court a decree of divorce was granted to his said wife, and a decree made granting to her the care and custody of said children, as prayed for in said writ; all of which proceedings will more fully

and particularly appear by the records of said suit now remaining in said court.

And your petitioner avers that the statements contained in said writ, that the said Ellen A. Lord had lived with her said husband in said state as his wife ; that she did not know the residence of her said husband, as well as many other allegations in the same, were not true ; and that said decree of divorce was fraudulently and wrongfully obtained. Therefore your petitioner prays for a review of the same, that said decree of divorce, and said decree granting to said Ellen A. Lord the care and custody of said children, may be annulled.

Dated this 15th day of June, A. D. 1875.

John H. Lord."

This petition was subscribed and sworn to before a justice of the peace in the state of New Hampshire.

To this petition the respondent demurred, the petitioner joined, the presiding justice overruled the demurrer; and the respondent alleged exceptions.

*J. Baker*, for the respondent.

The petition is insufficient in law, and the demurrer ought to have been sustained.

This is a petition for review in a divorce, and it asks specifically "for a review of the same," that is of the judgment or decree of divorce ; and this is all the prayer there is in the petition. The following words are no part of the prayer, but only the result sought by the review. The petition prays for a new trial of the divorce suit "that," in order "that," to the end, "that" the decree may be annulled ; and it is the same in purport, as if it had said that justice may be done, or that a fair trial may be had. The review is asked as the means by which these ends are to be accomplished. If the petition had ended with a double prayer "for a review of the same," *and* that said decree may be annulled, there would have been stronger ground for calling it a petition for annuling the judgment of divorce. It has only the prayer for a review; there is no "and" in the sentence. A petition for annulment strikes directly at the judgment of divorce in the former process, and if granted, at once annuls it, wipes out the record, as Judge Peters says in *Holmes* v. *Holmes*, 63 Maine, 420.

But a petition for review simply asks to open the old case for a new trial on the old papers, and if granted does not annul the former judgment, but after that comes the new trial, on the original papers. If the petitioner proposed to ask for an annulment, he would not have asked for a review, which is inconsistent with and repugnant to it. They cannot stand together; they do not travel in the same path. *Holmes* v. *Holmes*, 63 Maine, 420, 424.

Now this being a petition for a review, or a new trial of the old case, it is *felo de se,* because it alleges that the parties lived together as husband and wife from Nov. 1874 to March 1875, and because it also alleges that the wife had contracted a new marriage since the divorce.

But suppose this can be a petition for annulling the judgment of divorce, it is even then fatally insufficient in law.

All the allegations in this petition are admitted to be true by the demurrer, for the purposes of this hearing; and on these allegations, the judgment in the original suit is utterly void, not only in Connecticut where it would have to be used, but in this state. This petition alleges that these parties were married in Connecticut; that they never resided in this state or cohabited here after the marriage; that neither of them resided here at the time of divorce, and that a newspaper notice was ordered, but it does not allege that any notice had been given. What is not alleged, for the purposes of this hearing on demurrer, does not exist; and this court cannot travel out of the record to guess at facts. The petitioner who asks for the "arbitrary act to expunge a sentence of divorce with the stroke of a pen and bastardize after begotten children," must allege facts enough to show that the court rendering it, had at least apparent jurisdiction of the subject matter, and the parties as well as the process. But in this case the petition fails to show even an apparent jurisdiction of the court; because it alleges no kind of notice given to the respondent in the original process. So that according to this petition, here was a divorce granted when the court had no jurisdiction of the subject matter or the parties, and therefore on inspection, the court would pronounce the original judgment absolutely void, and there is no judgment or record to be annulled. *Penobscot Railroad* v. *Weeks*, 52 Maine, 456.

But suppose the court should conclude that there is in the petition, not only a prayer "for a review," which certainly is there, but also a prayer for the annulment of the decree specified. Then we contend that the petition is insufficient in law, is void for uncertainty, duplicity, and the demurrer ought to be sustained. The two prayers are inconsistent and repugnant. One asks for a new trial of the old case ; and the other, the annulment of the judgment; and the court cannot know what *judgment* to render, whether to order a new trial or annul the record.

*E. F. Pillsbury,* for the petitioner.

A decree of divorce may be annulled and set aside where fraud is practiced upon the court, on the petition of the party injured by the fraud ; although the respondent has contracted a new marriage since the first was dissolved, and before any proceedings were commenced to set the decree aside. *Holmes* v. *Holmes,* 63 Maine, 420.

The petition sets forth that the decree was fraudulently obtained; that her declarations in the libel as to having lived with her husband as his wife in this state were false ; that the statement sworn to by her that she did not know where her said husband then was, whereby she got an order for notice in a paper was false, as well as other allegations. The divorce in *Holmes* v. *Holmes* was set aside for the same or similar reasons.

The word "review" in the prayer in the petition is not used in its technical sense, but as asking for a re-consideration or re-examination. The prayer is not that a *writ of review* may be issued as usual, when a review in a technical sense is asked for. Suppose the words "for a review of the same" had been omitted, so that the annulment of the decree had been asked for without qualification, would not the language imply a review, or re-consideration, or re-examination ? It could not be expected that such decrees would be set aside without some review or examination. Merely circumstantial omissions in a libel for divorce will not sustain a demurrer. *Huston* v. *Huston,* 63 Maine, 184.

Peters, J. The petitioner alleges that his wife obtained a divorce from him by fraud. He "prays for a review of the same,

that said decree of divorce . . . . may be annulled." These words are demurred to for duplicity. The demurrer cannot prevail. The petitioner does not ask for a re-trial of the original libel upon the merits, and also that the proceedings of divorce be annulled. He evidently does not use the word review in the technical sense of a new trial under the statutes pertaining to review, but in the sense of a re-hearing or re-examination, as incidental to his motion to set the decree wholly aside as having been obtained by fraud. The kind of review asked for is, that the proceedings be annulled.

The demurrer must be overruled, and the respondent answer further. A decree *pro confesso* cannot, ordinarily, be made in a matter of divorce. The immediate parties are not the only ones concerned. The public are interested. Much depends upon the discretion of the court whether such a petition shall be granted or not. Clear evidence is required to show a fraud upon the court in obtaining jurisdiction, before a decree of divorce can be annulled. *Holmes* v. *Holmes*, 63 Maine, 420. *Whiting* v. *Whiting*, 114 Mass. 494. *Holbrook* v. *Holbrook, Id.* 568.

*Demurrer overruled.*

*Respondent to answer further.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.