KELLY KOFFMAN *vs.* SOPHIE KOFFMAN.

Suffolk.    December 13, 1906. — January 3, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Marriage and Divorce.   Legitimacy.*

At a hearing on the objections of a wife to making absolute a decree *nisi* for a divorce obtained against her for cruel and abusive treatment, if the libellee shows that a child was born to her after the decree *nisi* was granted and that the date of its birth is consistent with its having been begotten by an act of intercourse which the libellee set up before the decree *nisi* as condonation on the part of her husband, the entire proceedings can be reviewed for the purpose of determining what shall be the final disposition of the case.

If, at a hearing on the objections of a wife to making absolute a decree *nisi* for a divorce obtained against her for cruel and abusive treatment, the libellee shows that a child was born to her after the decree *nisi* was granted and that the date of its birth is consistent with its having been begotten by an act of intercourse which the libellee set up before the decree *nisi* as condonation on the part of her husband, and the judge finds on a review of the evidence, including the testimony of the husband, that there was no condonation because there was no act of intercourse between the husband and wife at the time alleged and testified to by the libellee, this finding, although it may imply adultery on the part of the libellee, does not affect the legitimacy of the child, as the evidence properly considered by the judge upon the issue of the condonation would not be competent to show that a child thus born in wedlock was illegitimate.

LIBEL FOR DIVORCE on the ground of cruel and abusive treatment.    The libel was dated July 22, 1904, and an order of notice thereon was issued on August 19, 1904, personal service thereof being made on August 22, 1904.

In the Superior Court the case was heard by *Harris*, J. at the October divorce sitting in 1904, and after a partial hearing was continued to December, 1904, when the hearing was resumed and finished.    The judge, upon the question of cruel and abusive treatment, found for the libellant.    At the hearing in December, the libellee asserted, both by way of denial and as condonation, that there had been a single act of intercourse subsequent to the date of the libel, to wit, on August 20, 1904.

The libellant and libellee both testified that there was no cohabitation from June 18, 1904, until August 20, 1904.    The libellee testified in December that there was a single act of in-

tercourse on Saturday, August 20, at a place and under circumstances described by her.

The libellant denied her story, and testified that on the day specified by the libellee, and for some days before and after, he was not in the Commonwealth, and produced other evidence on this point. On this question, upon the evidence presented, the judge found as a fact that the act of intercourse did not take place, and found that there had been no condonation by reason thereof. A decree *nisi* was entered.

On May 29, 1905, objections to the entry of a decree absolute were filed by the libellee, and a hearing thereon was had on June 30, 1905. At this hearing the libellee offered no new evidence as to the act of intercourse except the birth of a child on May 22, 1905, which date would have been entirely consistent with its having been begotten on August 20, 1904. The child was exhibited to the judge as evidence on the question of paternity, but the judge found no resemblance to the libellant and declared himself unassisted by the exhibit. The libellee repeated her story as to the occurrences of August 20, 1904, but testified that she then was unable to give the date. The evidence was offered by the libellee under her objections to making the decree absolute.

The libellee's contention was that intercourse after the date of the libel as matter of law would be a condonation. She also contended that the birth of the child at a time entirely consistent with her claim of condonation, and at a time which proved it to have been begotten at about the period that she testified it was begotten by her husband, was such a fact that, coupled with the presumption of legitimacy, an absolute decree of divorce would not be warranted excepting upon positive and overwhelming evidence sufficient to establish beyond all reasonable doubt that the husband could not have been the father of the child and that there was absolute non-access on the part of the husband at the time when the conception of the child might have taken place.

The judge found as a fact that the libellee had been guilty of cruel and abusive treatment of the libellant, as charged in the libel; and that there had been no condonation by reason of any intercourse on August 20, 1904.

He ruled that intercourse on August 20, 1904, or at any time after June 18, as a matter of law, would constitute condonation.

He also ruled that the libellee, having denied all intercourse except on one specific date at a place and under circumstances particularly described by her, and having failed to support her assertion as to that time, was not, as matter of law, entitled to the benefit of the general presumption, and that upon all the facts in the case he was not bound to find in her favor.

The objections were overruled and the libellee excepted to the rulings made and to the refusal to give the rulings requested.

At the close of the evidence the libellee requested the judge to rule and find in accordance with the libellee's requests for rulings and findings, which were sixteen in number and were made a part of the bill of exceptions.

The judge gave the rulings requested by the libellee from the first to the eleventh both inclusive, and refused to give the twelfth as unnecessary, refused to give the thirteenth and fourteenth as covered by other rulings and by the findings of fact, refused to make the finding and ruling contained in the fifteenth and sixteenth requests and ruled that the sixteenth request was not a request for a ruling of law but was a request merely for a finding of fact.

The rulings which the judge refused to give as stated above were as follows:

12. If a decree of divorce absolute were to be entered it would practically mean the illegitimatizing of the child born subsequent to the decree *nisi*, and a decree absolute of divorce would not be warranted under such circumstances excepting upon evidence sufficient in weight and in kind to justify the entering of a decree of illegitimacy in a case directly involving that question.

13. The situation of the parties to this libel and of their family is materially changed since the date of the granting of the decree *nisi*, and especially so by the birth of this second child as aforesaid, and in view of all the facts and circumstances it would be contrary to law and justice and contrary to the practice of the courts in like cases to grant to a husband a decree of divorce under the existing state of facts.

14. The libellee having introduced no new evidence at the hearing on objections to the decree absolute as to the several allegations contained in paragraphs 2 and 3 therein, the court does

not now pass upon the matters contained in said paragraphs 2 and 3.

15. Upon all the evidence the court finds for the libellee and orders that the decree *nisi* heretofore entered be vacated and that the libel be dismissed.

16. The whole of the evidence in this case is not sufficient to support the libel.

The judge overruled the objections to an absolute decree. To this order and to the several rulings and refusals to rule as stated above the libellee alleged exceptions.

*H. S. Dewey*, for the libellee.

*W. Charak*, for the libellant.

BRALEY, J. At the trial of the libel the defence of condonation by a single act of intercourse was not sustained upon the evidence, and a decree *nisi* was entered. Before the time was ripe for making this decree absolute a daughter was born to the libellee, and it was within the scope of her objections not only to introduce this fact, but in connection therewith to review the former evidence upon this issue for, until final decree, the divorce was not absolute, nor the marriage contract dissolved, and as the parties legally remained husband and wife the entire proceedings could be reviewed for the purpose of determining what should be the final disposition of the case. *Pratt* v. *Pratt*, 157 Mass. 503, 505. *Moors* v. *Moors*, 121 Mass. 232, 233. *Cook* v. *Cook*, 144 Mass. 163. *Chase* v. *Webster*, 168 Mass. 228. The only additional evidence seems to have been the birth of the child, and upon further consideration of this event with the former evidence, the judge declined to reverse his finding, although correctly ruling as requested that if condonation were found the libel would have to be dismissed. But this finding does not as contended by the libellee tend to bastardize the child as it is well settled that the declarations of either parent are inadmissible to show that children born after marriage are illegitimate. The issues were distinct, and if in the attempt to show condonation the evidence tended to prove adultery on the part of the libellee, although the daughter was born within the natural period from the time of the alleged act of intercourse, this would not be competent evidence to prove her illegitimate. *Canton* v. *Bentley*, 11 Mass. 441, 443. *Hemmenway* v. *Towner*,

1 Allen, 209. *Phillips* v. *Allen,* 2 Allen, 453. *Sullivan* v. *Kelly,* 3 Allen, 148, 150. *Haddock* v. *Boston & Maine Railroad,* 3 Allen, 298, 300. *Abington* v. *Duxbury,* 105 Mass. 287, 290. *Chamberlain* v. *People,* 23 N. Y. 85, 88. *Tioga County* v. *South Creek Township,* 75 Penn. St. 433, 437. *Egbert* v. *Greenwalt,* 44 Mich. 245, 248. *Mink* v. *State,* 60 Wis. 583, 584. *Parker* v. *Way,* 15 N. H. 45. *Bowles* v. *Bingham,* 2 Munford, 442. *Goodright* v. *Moss,* Cowp. 591. *Murray* v. *Milner,* 12 Ch. D. 845. *Dysart Peerage case,* 6 App. Cas. 489. The twelfth request therefore was refused rightly, nor could the remaining requests properly be given. Upon evidence not reported the allegations of the libel had been proved to the satisfaction of the judge, and the marital offence not having been forgiven by the libellant, he was entitled to a final decree. *Whiting* v. *Whiting,* 114 Mass. 494.

*Exceptions overruled.*