COMMONWEALTH *vs.* JOHN ROSENBLATT.

Essex.   November 4, 1914. — November 6, 1914.

Present: RUGG, C. J., HAMMOND, SHELDON, DE COURCY, & CROSBY, JJ.

*Evidence,* In proceedings for support of illegitimate child, As to illegitimacy. *Husband and Wife. Witness. Legitimacy. Words,* "Practice."

In St. 1913, c. 563, relating to illegitimate children and their maintenance, the word "practice," as used in § 6, which provides that the "practice" established by St. 1911, c. 456, shall apply to proceedings under the act, includes rules of evidence; and therefore, at the trial of a complaint under St. 1913, c. 563,

§ 6, charging a man with a failure to contribute reasonably to the support of an illegitimate child of which he is the father and the wife of another man is the mother, the mother of the child, by reason of the provision of § 7 of St. 1911, c. 456, may, if she chooses, testify as to the child's parentage.

RUGG, C. J. At the trial of the defendant, upon this complaint which charged him with failing to contribute reasonably to the support of an illegitimate child, the mother, a married woman, was allowed to testify that her husband had deserted her more than three years before the child was begotten, that she had not seen him since and that the defendant was the father of the child. There was also some evidence tending to show that the husband was in Europe.

It has been said that apart from statute parents are not permitted to give testimony to make spurious the issue of the mother born in lawful wedlock. *Abington* v. *Duxbury*, 105 Mass. 287, 290. *Koffman* v. *Koffman*, 193 Mass. 593. See *Legge* v. *Edmonds*, 25 L. J. (N. S.) Ch. 125, 135. But St. 1913, c. 563, upon which this complaint is founded, by § 6 adopts the "practice" established by St. 1911, c. 456. Section 7 of the latter act provides that "both husband and wife shall be competent witnesses to testify against each other to any and all relevant matters, including the fact of their marriage and the parentage of the child or children." "Practice" as thus used is broad enough to include special rules as to evidence. Therefore the statute permits a mother, although married, to testify, in a proceeding under St. 1913, c. 563, to which the husband is not a party, that some other man is the father of her child.

*Exceptions overruled.*

The case was submitted on briefs.

*A. B. Tolman,* for the defendant.

*J. J. Burke,* Assistant District Attorney, for the Commonwealth.