WILLIAM D. TAYLOR, executor, *vs.* ALBERT W. WHITTIER
& others.

Middlesex.   December 7, 1921. — March 2, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Legitimacy. Impotency. Evidence,* Of legitimacy of child born in wedlock, Exclusion from reasons of decency and policy, Presumptions and burden of proof, Remoteness, Certificate of birth. *Probate Court,* Exceptions, Appeal.

Where the legitimacy of a child born in lawful wedlock is in issue, in the absence of statutory authority neither the husband nor the wife may testify as to nonaccess between them.

At the hearing, upon a petition for the allowance of a will, of the issue, whether an alleged testator was impotent so that a child born to him in wedlock and five years after his marriage could not have been legitimate or his next of kin, it was *held,* that no prejudicial error appeared in the exclusion of the following evidence:

(1) That at some time the alleged testator had had a venereal disease, there being no evidence that such condition continued to the time when the child was begotten;

(2) Testimony from the observation of a witness as to what were the alleged testator's "habits of life," the contestant offering to prove that, previous to the testator's marriage to his last wife (the mother of the child) he was unable to have intercourse with women and was impotent;

(3) Questions of an expert, whether a man of the alleged testator's age was "likely" to be the father, and whether the spermatozoid of an old man "is liable to be strong enough or virile enough to produce children;"

(4) A certificate by the proper official of the municipality where the child was born as to the birth of the child.

Where, at the hearing of a petition for the proof of an alleged will, the contestants, who would not be persons interested in the estate if a child, born to the testator and his wife in lawful wedlock, were his legitimate offspring, seek to prove that at the time when the child was begotten the alleged testator was impotent, the burden is upon them of proving such impotency beyond all reasonable doubt.

PETITION, filed in the Probate Court for the county of Middlesex on January 22, 1921, for the allowance of an instrument alleged to be the will of George H. Caldwell, late of Newton.

In the Probate Court, the petition was heard by *Leggat,* J., a commissioner having been appointed to take the testimony. Material evidence, rulings by the judge and exceptions by the contestants, are described in the opinion. By order of the judge,

a decree was entered which contained a ruling "that the contestants had not made out a case which would entitle them to appear" and allowed the will. The contestants appealed.

*H. U. Smith,* (*F. D. Healey* with him,) for the contestants.

*E. G. Fischer & J. M. O'Donoghue,* for the appellee.

DE COURCY, J. This is an appeal from a decree of the Probate Court allowing the will of George H. Caldwell, wherein the court ruled that on the evidence the appellants were not entitled to appear as persons interested in the estate of the testator. They based their right to object to the probate of the will on the ground that Natalie Elva Caldwell, referred to by said Caldwell in his will as his daughter, was not in fact said testator's child, in which event they would be his next of kin. After a ruling that the contestants had no standing before the court until they should overthrow the presumption that Caldwell died leaving a legitimate child, they assumed the burden of proving that the alleged daughter was illegitimate. The exclusion of testimony offered at this preliminary hearing in support of that claim forms the basis of the appeal.

It appeared that said George H. Caldwell, aged seventy-five years, was married to Maud A. (Taylor) Caldwell, then eighteen years of age, on the fourth day of September, 1913; that they lived together until his death in August, 1920; and that Mrs. Caldwell gave birth to this child in 1918. As the child was born in wedlock, it was necessary, in order to overcome the presumption of legitimacy, to prove either (1) that the testator had no access to his wife during the time when, according to the course of nature, he could be the father of the child, or (2) that the testator was impotent. *Hemmenway* v. *Towner,* 1 Allen, 209. *Phillips* v. *Allen,* 2 Allen, 453. Numerous exceptions were taken to the exclusion of evidence. As the contestants now rely solely on the issue of the husband's impotency at the time of conception of the child, the exceptions to the exclusion of evidence not addressed to this issue need not be considered. We shall discuss only those that are argued by the appellants, following the classification adopted in their brief.

1. Since Lord Mansfield's decision in *Goodright* v. *Moss,* 2 Cowp. 591, the generally prevailing rule is that where the legitimacy of a child born in lawful wedlock is in issue, in the absence of statu-

tory authority neither the husband nor the wife may testify as to non-access between them. The rule has been based on reasons of decency and policy; especially because of the effect it may have upon the child, who is in no fault. The policy of the rule has been severely criticized. See Wigmore on Ev. §§ 2063, 2064. But it has been too long settled in this Commonwealth to be changed by judicial decision. *Canton* v. *Bentley,* 11 Mass. 441. *Haddock* v. *Boston & Maine Railroad,* 3 Allen, 298, 300. *Abington* v. *Duxbury,* 105 Mass. 287. *Koffman* v. *Koffman,* 193 Mass. 593. 6 Ann. Cas. 816 note. 36 L. R. A. (N. S.) 255 note. Accordingly the appellants have not argued their exceptions to the exclusion of questions put to the mother as a witness, directed to this issue of legitimacy. The alleged declarations of the testator, made several years prior to his last marriage, relative to his powers of procreation, are likewise inadmissible. If Caldwell were living, he would not be permitted to bastardize this child born in wedlock by testifying that he was impotent at the time of its conception. Declarations made many years before are governed by the same principle. And, like the alleged declaration that he had a venereal disease, it was incompetent also on the ground of remoteness, as there was no evidence that either condition continued to the time when this child was begotten.

2. It is argued that the trial judge excluded testimony based, not on declarations of the testator, but on the knowledge of the witness. The witness Chase was asked "Will you state what they [his habits of life] were?" The offer of proof * was not responsive to that question. *Hallwood Cash Register Co.* v. *Prouty,* 196 Mass. 313. Even if a question had been asked to which such offer would be responsive, there was no evidence that the witness was qualified to testify on the subject. The evidence that the testator had been married three times prior to the last, and that no children were born of those marriages, might well have been admitted. But if all this evidence had been received and believed, it was remote in its tendency to prove impotence. It does not appear, for instance, what were the physical capacities

---

* The offer of proof, which followed the exclusion of the question, was as follows: "I desire to show . . . by this witness [and with the witness's observation] that prior to his [the testator's] marriage to the last wife that he was unable to have intercourse with women and was impotent."

of the three wives; what was the duration of either marriage; or whether any of the wives suffered a miscarriage. In view of the burden on the appellants to prove "beyond all reasonable doubt" (*Phillips* v. *Allen,* 2 Allen, 453), the impotency of the testator, in order to overcome the presumption of legitimacy, we find no reversible error in the exclusion of this testimony.

3. There was no prejudicial error in excluding the questions to the expert. Whether a man of the testator's age was "likely" to be the father; and whether the spermatozoid of an old man is "liable to be strong enough or virile enough to produce children," did not go far enough. The issue was impotency, not "likelihood;" that is, was this man physically unable to propagate species?

4. No formal exception appears to have been taken to the exclusion of the birth certificate.* It was admissible in evidence. G. L. c. 46, § 19. *Shepard* v. *Lawrence,* 141 Mass. 479. *Shamlian* v. *Equitable Accident Co.* 226 Mass. 67, 69. But even if we consider the exception as saved no harmful error was suffered from its exclusion. All the exceptions must be overruled.

While the record before us is in the form of a report, it is in reality an appeal from a final decree, with a transcript of the evidence, and we have treated it accordingly. See G. L. c. 215, § 9; c. 214, §§ 24, 25; *Worcester* v. *Lakeside Manuf. Co.* 174 Mass. 299.

*Decree affirmed.*

---

* The certificate offered was by the registrar of the city of Boston, where the child was born.