COMMONWEALTH *vs.* SEBASTIANO CIRCO.

Middlesex.    January 6, 1936. — January 30, 1936.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Bastardy. Evidence,* Competency, Of illegitimacy. *Husband and Wife. Married Woman. Parent and Child.*

At the trial of a complaint under G. L. (Ter. Ed.) c. 273, § 11, charging the defendant, not the husband of the complainant, a married woman, with getting her with child. she, by §§ 16, 7 of that chapter, could testify to nonaccess of her husband and that the defendant was the father of her child.

COMPLAINT, received and sworn to in the District Court of Lowell on December 11, 1934.

Upon appeal to the Superior Court, the complaint was tried before *Butterworth,* J., a judge of a district court sitting in the Superior Court under statutory provisions. There was a verdict of guilty. The defendant alleged exceptions.

*I. M. Libman,* for the defendant.

*M. E. Viola,* Assistant District Attorney, for the Commonwealth.

CROSBY, J. The defendant was charged in a complaint under G. L. (Ter. Ed.) c. 273, § 11, with getting the complainant, a married woman, with child on March 8, 1934, the defendant not being her husband. The complainant, who was called by the Commonwealth, testified that her name was Adeline Snow; that she was married in 1932; that she lived with her husband for two or three months; that she had not seen him since; that in February, 1934, she was not living at home, but lived in Boston; that she met the defendant in a public dance hall in Boston in February, 1934; that she had sexual intercourse with him on several occasions, the last time being about May 1, 1934; that she became pregnant; and that the defendant was the father of her child, which was born January 21,

1935. The defendant excepted to the admission of the foregoing testimony of the complainant, and to the admission of any testimony on her part tending to show that her child was not legitimate. At the close of the evidence offered by the Commonwealth the defendant presented a motion for a directed verdict in his favor which was denied subject to his exception. The defendant presented the following requests for rulings: "It is a rule of law that a mother cannot, by her admissions or testimony, bastardize her issue"; "When parties are lawfully married, neither of them can be allowed to testify, that the offspring of the mother is spurious."

It is plain that under St. 1913, c. 563, now embodied in G. L. (Ter. Ed.) c. 273, §§ 11–19, both inclusive, the testimony of the mother tending to show that her child was not legitimate was properly admitted. In the case of *Commonwealth* v. *Rosenblatt*, 219 Mass. 197, at page 198, the following statement appears: "It has been said that apart from statute parents are not permitted to give testimony to make spurious the issue of the mother born in lawful wedlock. *Abington* v. *Duxbury*, 105 Mass. 287, 290. *Koffman* v. *Koffman*, 193 Mass. 593 . . . But St. 1913, c. 563, upon which this complaint is founded, by § 6 [G. L. (Ter. Ed.) c. 273, § 16] adopts the 'practice' established by St. 1911, c. 456. Section 7 of the latter act [G. L. (Ter. Ed.) c. 273, § 7] provides that 'both husband and wife shall be competent witnesses to testify against each other to any and all relevant matters, including the fact of their marriage and the parentage of the child or children.' . . . Therefore the statute permits a mother, although married, to testify, in a proceeding under St. 1913, c. 563, to which the husband is not a party, that some other man is the father of her child."

The rulings requested by the defendant and his motion for a directed verdict were rightly denied.

*Exceptions overruled.*