COMMONWEALTH *vs.* JOSEPH KITCHEN.

Bristol.    October 26, 1937. — December 2, 1937.

Present: FIELD, DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Bastardy. Evidence*, Of illegitimacy, Presumptions and burden of proof, Matter of common knowledge, Competency, General objection to admission of evidence. *Married Woman. Witness*, Competency. *Practice, Criminal*, Exceptions: general exception.

The provisions of G. L. (Ter. Ed.) c. 273, §§ 7, 16, making a married woman a competent witness to testify in bastardy proceedings as to "the parentage of the child," do not affect the rule that the presumption of legitimacy of a child born in wedlock can be overcome only by proof of impotency or nonaccess of the husband.

It is a matter of common knowledge that a period of human gestation of three hundred five days is highly unusual and improbable.

It could legally be found that the presumption, that a child born in wedlock was legitimate, was overcome by evidence that the husband had no access to the mother for three hundred five days prior to the birth of the child and that the mother had frequent intercourse with another during that period.

Under G. L. (Ter. Ed.) c. 273, §§ 7, 16, a married woman was a competent witness in bastardy proceedings to testify to facts relative to the illegitimacy of her child.

In bastardy proceedings, testimony by the mother of the child that the defendant was its father was admissible for identification purposes, if the presumption of legitimacy was overcome on other evidence; and the admission of such evidence generally was not error in the absence of a request to have its use limited.

COMPLAINT, received and sworn to in the Second District Court of Bristol on August 27, 1936.

Proceedings in the Superior Court on appeal were before *Hayes*, J., a district court judge sitting by statutory authority and without jury.

The case was submitted on briefs.

*J. Seligman*, for the defendant.

*E. J. Harrington*, Assistant District Attorney, for the Commonwealth.

FIELD, J. This complaint in a district court was heard on appeal in the Superior Court by a judge sitting without a jury. The complaint charged that the defendant did get one Georgianna Levesque with child, the child being now living and the defendant not then nor since being the husband of its mother. See G. L. (Ter. Ed.) c. 273, §§ 11–19. The defendant was found guilty and adjudicated the father of the child. The defendant's exceptions present the questions (a) whether the evidence warranted the finding and (b) whether testimony of the mother was improperly admitted.

1. The finding was warranted by the evidence.

The child was born July 15, 1936. Its mother then, and for nearly seventeen years prior to that time, was married to a man other than the defendant. The evidence clearly warranted the finding of the judge, if it was sufficient to overcome the so called presumption that a child born in wedlock is legitimate. It is, however, established in this Commonwealth that this presumption can be overcome only by proof that the husband of the mother was impotent — of which there is no evidence — or by proof that he had no access to her during the time when, according to the course of nature, he could be the father of the child. *Hemmenway* v. *Towner*, 1 Allen, 209. *Phillips* v. *Allen*, 2 Allen, 453. *Taylor* v. *Whittier*, 240 Mass. 514, 515. See *Commonwealth* v. *Bird*, 264 Mass. 485, 489. This rule has not been changed by statute. It is not affected by the statutory provision under which the mother of a child, though a married woman, is competent to testify in a proceeding such as this to "relevant matters, including . . . the parentage

of the child." G. L. (Ter. Ed.) c. 273, §§ 7, 16. *Common-wealth* v. *Circo*, 293 Mass. 361. This provision in terms relates to the competency of the witness, but does not in terms or by implication relate to the facts required to be proved to overcome the presumption of legitimacy. In order to overcome this presumption it is not necessary "to show an impossibility that the husband could be the father" of the child. But a judge cannot "legally find against the legitimacy, except on facts which prove, beyond all reasonable doubt, that the husband could not have been the father." *Phillips* v. *Allen*, 2 Allen, 453, 454. *Taylor* v. *Whittier*, 240 Mass. 514. Since this degree of proof is required even in a civil case it is unnecessary to consider the effect of the provision of G. L. (Ter. Ed.) c. 273, § 7, that "No other or greater evidence shall be required to prove . . . that the defendant is the parent of the child, than may be required to prove the same facts in a civil action." See G. L. (Ter. Ed.) c. 273, § 16.

The judge could find legally that the presumption was overcome. The testimony of the mother of the child, the only witness to nonaccess, included testimony "that she has not seen or held any communication with her husband and was and is unaware of his whereabouts subsequently to September 14, 1935, up to the date of the trial." Her testimony warranted, at least, a finding of nonaccess after September 14, 1935 — three hundred five days before the birth of the child. It appears in the record that the "normal period of gestation is two hundred eighty days," but there is nothing in the record to show the frequency or extent of possible variation from the normal period. The judge, however, as the trier of fact, was entitled to take into consideration with the evidence, without proof, facts which are matters of common knowledge relating to the operations of nature. *Phillips* v. *Allen*, 2 Allen, 453, 455. *Negus* v. *Foote*, 228 Mass. 375, 378. Wigmore, Evidence (2d ed.), § 2570. The possibility of some variation from the normal length of the period was recognized in *Phillips* v. *Allen*, 2 Allen, 453, 455, as being a matter of common knowledge. Doubtless the time to which the period possibly might

extend is not a matter of common knowledge, if, indeed, it is a matter of exact scientific knowledge. But proof of the absolute impossibility that the husband could be the father of the child is not required to overcome the presumption of legitimacy. We think that it is matter of common knowledge that a period of gestation of three hundred five days is highly unusual and improbable. The fact of a longer period of nonaccess has been held insufficient to overcome the presumption where there was no evidence that the mother had sexual intercourse with any man other than her husband. See *Pierson* v. *Pierson*, 124 Wash. 319; *Gaskill* v. *Gaskill*, [1921] P. D. 425. But here the mother testified to having had intercourse frequently with the defendant from some time prior to September 14, 1935, to February, 1936, thus including the time when the child normally would have been begotten. Though the conduct of the mother when she was cohabiting with her husband be disregarded (see *Hemmenway* v. *Towner*, 1 Allen, 209, 210), the length of time after September 14, 1935, which elapsed before the birth of the child, the high degree of improbability, as matter of common knowledge, of so long a period of gestation, and the evidence of the relations of the mother with the defendant warranted a finding that, beyond a reasonable doubt (see *Commonwealth* v. *Costley*, 118 Mass. 1, 24), the husband could not have been the father of the child. See *Estate of McNamara*, 181 Cal. 82.

2. The exceptions to the admission of evidence must be overruled.

The defendant excepted to the "testimony of . . . the mother, tending to show that the child was illegitimate; that . . . the mother of the child, being a married woman, could not testify to any acts or facts tending to make illegitimate the child." This exception presents the question of the competency of the mother, a married woman, to testify to facts relevant to the issue of illegitimacy. Whatever may have been the law apart from statute, under G. L. (Ter. Ed.) c. 273, §§ 7, 16, she was a competent witness to testify to such facts. *Commonwealth* v. *Rosenblatt*, 219 Mass. 197. *Commonwealth* v. *Circo*, 293 Mass. 361. The

exception presents no question with reference to the relevancy of any specific parts of her testimony.

The defendant also excepted specifically to the testimony of the mother, who, when asked "Who is the father of this child?" replied "The defendant, Joseph Kitchen." This evidence was admissible for the purpose of identifying the defendant as the father of the child, if, on other and sufficient evidence, the presumption of legitimacy was overcome. See *Commonwealth* v. *Rosenblatt*, 219 Mass. 197; *Commonwealth* v. *Circo*, 293 Mass. 361. Its admission generally was not error, where, as here, the defendant did not ask to have its use limited to this purpose. *Solomon* v. *Dabrowski*, 295 Mass. 358, 359.

*Exceptions overruled.*