### WILLARD E. McCRACKEN *vs.* JACOB COHEN.

Worcester.    September 22, 1947. — November 7, 1947.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Husband and Wife.    Alienation of Affections.    Criminal Conversation. Evidence,* Competency, Of illegitimacy.

Evidence, merely of indiscreet relations of the defendant with the wife of the plaintiff and of opportunity to commit adultery, and that those relations were known to the plaintiff during their entire period, notwithstanding which he continued to live with his wife, occupying the same bed and having sexual relations with her even to the time of the trial of the action, would not have warranted a finding that the wife had been debauched by the defendant or have justified recovery for loss of consortium.

At the trial of an action where an issue was whether the defendant had committed adultery with the plaintiff's wife and it appeared that the plaintiff and his wife after their marriage had continuously lived together for eighteen years to the time of the trial, a question, asked of the plaintiff by his counsel, "Do you know whether" a child born to the wife about three months after the action was begun "is yours or not?" properly was excluded.

TORT.    Writ in the Superior Court dated August 18, 1943. The case was tried before *Swift*, J., in March, 1945.

In this court the case was submitted on briefs.

*W. W. Buckley*, for the plaintiff.

*Nicholas Fusaro & Nunziato Fusaro*, for the defendant.

DOLAN, J.    The first count[1] of the declaration in this action of tort alleges in substance that the defendant, contriving and wrongfully intending to injure the plaintiff and to deprive him of the comfort, society and aid of his wife and to alienate and destroy her affection for him, on certain specific days in January, February and May, 1943, and on

---

[1] A second count was waived.

divers other days between September 1, 1941, and August 1, 1943, "to . . . [the] plaintiff unknown," debauched and carnally knew the plaintiff's wife, that by reason thereof her affection for him had been wholly alienated and destroyed, and that he had wholly lost the comfort, society, aid and assistance of his wife. The case was tried to a jury, and at the close of the evidence the judge directed them to return a verdict for the defendant. The plaintiff duly excepted. During the course of the trial the plaintiff also excepted to the exclusion of a certain question put to him by his counsel.

Concerning the allegations of adultery, it would serve no useful purpose to recite the evidence in detail. The parties are familiar with it and its recital would add nothing to our jurisprudence. It is sufficient to say that the evidence most favorable to the plaintiff bearing on that subject matter shows nothing more than indiscreet relations of the plaintiff's wife with the defendant and no more than opportunity to commit adultery. The evidence as to the association of the defendant and the plaintiff's wife would not have warranted the jury in finding that the defendant committed adultery with the plaintiff's wife. *Reddington* v. *Reddington*, 317 Mass. 760, 761–762, 766. See *White* v. *Ely*, 234 Mass. 221, 223. There was evidence that would have required the jury to find that the associations of the defendant and the plaintiff's wife were known to the plaintiff during the entire period specified by him as the times relied upon by him, but that notwithstanding he continued to live with her, occupying the same bed with her and having sexual relations with her even down to the time of the trial of the present case in the court below. This being so, and since the jury would not have been warranted in finding that the plaintiff's wife had been debauched by the defendant, there could be no recovery for loss of consortium. *Longe* v. *Saunders*, 246 Mass. 159, 160–161.

There was evidence that the plaintiff's wife gave birth to a child in December, 1943. In direct examination the plaintiff was asked by his counsel, "Do you know whether that child is yours or not?" The question was excluded

subject to the plaintiff's exception, which is without merit. The evidence discloses that the plaintiff and his wife were married in 1927 and had lived together continuously thereafter as husband and wife down to the time of trial of the present case. In these circumstances the reception of the proffered testimony was not permissible under long settled principles which have never been departed from in this Commonwealth. *Taylor* v. *Whittier*, 240 Mass. 514, 515–516, and cases cited.

*Exceptions overruled.*