GEORGE A. SAYLES *vs.* MARGARET E. SAYLES.

Middlesex. April 8, 1948. — June 9, 1948.

Present: QUA, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Marriage and Divorce,* Adultery. *Evidence,* Competency, Admissions and confessions, Of adultery, Of illegitimacy. *Probate Court,* Report.

Testimony by a witness at the hearing of a divorce proceeding, that the libellee, the wife, had told him that the libellant was not the father of a child who, it appeared, had been born to the parties during wedlock, was admissible as an admission of adultery by the libellee and, if believed by the trial judge, would justify the granting of a divorce on that ground.

A finding in a divorce proceeding that the libellee, the wife, had committed adultery, although based upon testimony of a witness that she had said to him that the libellant was not the father of a child, who, it appeared, had been born to the parties in wedlock, was not an adjudication affecting the legitimacy of the child directly or indirectly.

This court under G. L. (Ter. Ed.) c. 231, § 124, ordered entry of a decree nisi of divorce upon a report by a judge of a Probate Court showing that he had believed two items of evidence of adultery and thereon had found the fact of adultery and stating that a decree nisi should be entered if such items were admissible but that the libel should be dismissed if they were not admissible, where this court determined that one of such items was admissible and was sufficient to show adultery, and did not determine the admissibility of the other item.

LIBEL for divorce, filed in the Probate Court for the county of Middlesex on May 2, 1947.

The case was heard by *Poland,* J.

*E. J. Bushell,* for the libellant.

*S. S. Cross & S. Leventall,* for the libellee, submitted a brief.

WILKINS, J. This libel for divorce, filed May 2, 1947, and alleging adultery with a person unknown to the libellant, is here on reservation and report by a judge of the Probate Court. G. L. (Ter. Ed.) c. 215, § 13. The libellee gave birth to a child on June 29, 1947, and the birth record in the city clerk's office in Everett names the libellant as the father. The parties lived in Everett after November, 1945,

"but not together as man and wife." The only evidence tending to prove adultery consists of the testimony of the libellant that he had no sexual intercourse with the libellee after November, 1945, and the testimony of a probation officer of a District Court that the libellee told him that the libellant was not the father of the child. The judge's finding is that the libellant's testimony and the libellee's declaration to the probation officer are true and that "in fact the child is the result of intercourse by the libellee and a man other than the libellant." The case is reported on these terms: "If the testimony and declaration stated above are admissible, a decree nisi should be entered, with the custody of the children to the libellee. . . . If the testimony and declaration are not admissible, the libel should be dismissed."

In *Taylor* v. *Whittier*, 240 Mass. 514, a will case in which was questioned the legitimacy of one referred to in the will as a daughter of the testator, this court said, at pages 515–516, "Since Lord Mansfield's decision in *Goodright* v. *Moss*, 2 Cowp. 591, the generally prevailing rule is that where the legitimacy of a child born in lawful wedlock is in issue, in the absence of statutory authority neither the husband nor the wife may testify as to non-access between them. The rule has been based on reasons of decency and policy; especially because of the effect it may have upon the child, who is in no fault. The policy of the rule has been severely criticized. See Wigmore on Ev. §§ 2063, 2064. But it has been too long settled in this Commonwealth to be changed by judicial decision. *Canton* v. *Bentley*, 11 Mass. 441. *Haddock* v. *Boston & Maine Railroad*, 3 Allen, 298, 300. *Abington* v. *Duxbury*, 105 Mass. 287. *Koffman* v. *Koffman*, 193 Mass. 593. 6 Ann. Cas. 816 note. 36 L. R. A. (N. S.) 255 note." See 60 A. L. R. 380; 68 A. L. R. 421; 89 A. L. R. 911. Compare *McCracken* v. *Cohen*, 322 Mass. 12, 13–14. It has been said elsewhere that the rule is not limited to any special class of case, but applies to all cases where legitimacy is in issue, be it the main, or only an incidental, issue. *Russell* v. *Russell*, [1924] A. C. 687, 698, 706, 724–725. *Commissioner of Public Welfare* v. *Koehler*, 284 N. Y.

260, 265. 7 Am. Jur., Bastards, § 21. Compare *Phillips* v. *Allen,* 2 Allen, 453, 455.

In this Commonwealth statutory authority allowing testimony by spouses as to nonaccess exists in two types of cases. In prosecutions for nonsupport under G. L. (Ter. Ed.) c. 273, § 1, as amended by St. 1939, c. 177, § 1, "both husband and wife shall be competent witnesses to testify against each other to any relevant matters, including the fact of their marriage and the parentage of the child." G. L. (Ter. Ed.) c. 273, § 7. In illegitimacy proceedings under G. L. (Ter. Ed.) c. 273, §§ 11–19, as amended, a mother, although married, may testify, notwithstanding that the husband is not a party, that some other man is the father of her child. G. L. (Ter. Ed.) c. 273, § 16. *Commonwealth* v. *Rosenblatt,* 219 Mass. 197, 198. *Commonwealth* v. *Circo,* 293 Mass. 361, 362. *Commonwealth* v. *Kitchen,* 299 Mass. 7, 10–11.

There is, however, no comparable statute relating to divorce proceedings. Whether, notwithstanding what was said by this court more than twenty-five years ago in *Taylor* v. *Whittier,* 240 Mass. 514, 516, we should now say that no statute is required to make the husband a competent witness as to nonaccess on an issue of adultery of the wife as a ground for divorce, we do not feel called upon to decide. This is because we are of opinion that the testimony of the probation officer as to the statement of the libellee was admissible as an admission on her part that she had committed adultery with an unnamed man. This statement, believed as it was by the probate judge, constitutes sufficient evidence upon which to grant a divorce. *Billings* v. *Billings,* 11 Pick. 461. The usual requirement of corroboration "is merely a general rule of practice, and not an inflexible rule of law." *Robbins* v. *Robbins,* 100 Mass. 150, 151. See *Meader* v. *Meader,* 252 Mass. 132; *Goren* v. *Goren,* 310 Mass. 284. The findings by necessary implication include a finding of adultery by the libellee, and show that the probate judge believed that the admission of adultery was based on real facts and was not collusive. See *Dillon* v. *Dillon,* 281 Mass. 423, 425.

We rely upon the finding, which is couched in the language of illegitimacy, only to the extent that it is a finding of adultery. In the case at bar the issue is not illegitimacy but adultery, as to which the birth of a child is not an essential element. Acts of 'adultery can occur, and no doubt very often do, without resulting either in conception or in the birth of a child. The child will not be bound by the decision. "A divorce for adultery committed by the wife shall not affect the legitimacy of the issue of the marriage, but such legitimacy, if questioned, shall be tried and determined according to the course of the common law." G. L. (Ter. Ed.) c. 208, § 25. Nor does the granting of the divorce constitute an indirect adjudication of illegitimacy on the facts of this case. A so called presumption that a child born in wedlock is legitimate cannot be overcome "except on facts which prove, beyond all reasonable doubt, that the husband could not have been the father." *Phillips* v. *Allen,* 2 Allen, 453, 454. *Commonwealth* v. *Kitchen,* 299 Mass. 7, 8–9. Mere proof of the wife's adultery while cohabiting with her husband is not enough. *Hemmenway* v. *Towner,* 1 Allen, 209, 210. *Sullivan* v. *Kelly,* 3 Allen, 148, 150–151. *Koffman* v. *Koffman,* 193 Mass. 593, 596. See *Moore's Case,* 294 Mass. 557, 560.

The libellee contends that to admit the evidence of her statement to the probation officer would be a circumvention of the Lord Mansfield rule. This we do not accept. The rule, where applicable, relates to the competency of a husband and a wife as witnesses as to nonaccess, and never has served to prevent the introduction of such evidence through other witnesses. Whatever its intrinsic soundness, it should not operate in a case to which a wife is a party to exclude her admission of extramarital intercourse. In England, where the rule originated, and where it has relatively recently been affirmed by a divided decision of the House of Lords (*Russell* v. *Russell,* [1924] A. C. 687), the libellee's admission in the present case would be received to prove adultery, but not to prove the illegitimacy of the offspring. *Warren* v. *Warren,* [1925] P. 107. *Roast* v. *Roast,* [1938] P. 8. *Frampton* v. *Frampton,* [1941] P. 24.

See *Farnham* v. *Farnham*, [1937] P. 49; *Burgess* v. *Burgess*, [1937] P. 60.   Our conclusion has the fullest support from a recent decision of the Supreme Judicial Court of Maine.   *Monahan* v. *Monahan*, 142 Maine, 72.   See also *Bancroft* v. *Bancroft*, 4 Boyce (Del.) 9, 23; *Wallace* v. *Wallace*, 137 Iowa, 37, 47; 10 C. J. S., Bastards, § 5.

The form of the report calls for the entry of a decree nisi if both items of evidence should have been admitted, or for the dismissal of the libel if both items should not have been admitted.   Nothing is expressly said as to what should be done if only one item is held to have been competent.   We have before us all the facts necessary for determining the question in dispute.   We construe the report as in effect stating that this court may order the entry of a decree in accordance with such rulings as the judge ought to have made.   G. L. (Ter. Ed.) c. 231, § 124.

A decree nisi of divorce is to be entered with custody to the libellee of the three minor children named in the libel.

*So ordered.*