COMMONWEALTH *vs.* THOMAS G. LEARY.

Barnstable.     October 1, 1962. — November 2, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
& SPIEGEL, JJ.

*Bastardy. Evidence,* Of illegitimacy, Presumptions and burden of proof.

At the trial of a complaint under G. L. (Ter. Ed.) c. 273, § 11, charging the defendant, not the husband of the complainant, a married woman, with getting her with child, the presumption, that a child born in wedlock is legitimate, might be overcome solely by testimony by the complainant that she had "not seen . . . [her] husband in six years."

COMPLAINT received and sworn to in the First District Court of Barnstable on May 10, 1961.

Upon appeal to the Superior Court the complaint was tried before *Callan,* J., a judge of a District Court sitting under statutory authority.

*Allan M. Hale* for the defendant.

No argument nor brief for the Commonwealth.

SPIEGEL, J. This complaint was originally brought in a District Court charging that the defendant did get the complainant with child in violation of G. L. (Ter. Ed.) c. 273, § 11. The defendant was found guilty and appealed. At

the trial in the Superior Court, before a jury, he was again found guilty. The case is here on the defendant's exception to the denial of his motion for a directed verdict.

The complainant testified as to sexual relations with the defendant on several occasions, the last time being early in July, 1960, and that a child was born to her on April 10, 1961; that at the time of conception and birth of the child she was a married woman; that she had "not seen . . . [her] husband in six years"; and that she made no "direct statement" to the defendant that he was the father until she made the complaint upon which the defendant was tried.

A birth certificate, admitted in evidence, shows her husband and the father of the child to be Walter Lewis Radcliffe, and the complainant and her husband to be residents of Hyannis, Massachusetts.

The only question raised and argued in the defendant's brief is "whether there have been sufficient facts to prove beyond a reasonable doubt that the complainant's husband had no access to her during the period of time when, according to the course of nature, he could have been the father of the child." The defendant "contends that as a matter of law the statement 'I have not seen my husband in six years' by the complaining witness is insufficient proof to overcome the presumption that a child born in wedlock is legitimate."

"The legal presumption always is, that a child born in lawful wedlock is legitimate. But this presumption may be rebutted by . . . facts which prove, beyond all reasonable doubt, that the husband could not have been the father." *Phillips* v. *Allen,* 2 Allen, 453, 454. *Commonwealth* v. *Kitchen,* 299 Mass. 7, 9. This presumption may be overcome by proof of impotency of the husband, or his nonaccess to the wife, *Commonwealth* v. *Kitchen, supra,* 8, or exclusion by a blood grouping test made in a scientific manner by a duly qualified person and where there is no dispute among the experts. *Commonwealth* v. *D'Avella,* 339 Mass. 642, 647.

In *Commonwealth* v. *Circo,* 293 Mass. 361, the presumption of legitimacy was overcome by the complainant's testimony that she had not seen her husband for about two years and that at the time of conception she had moved from her home to the city of Boston. The same result was accomplished in *Commonwealth* v. *Rosenblatt,* 219 Mass. 197, 198, by the mother's testimony that her husband had deserted her more than three years before the child was begotten and that she had not seen him since. There was also "some evidence tending to show" that the husband was in Europe. In *Commonwealth* v. *Kitchen, supra,* 9, the presumption of legitimacy was overcome by the mere testimony of the complainant "that she has not seen or held any communication with her husband and was and is unaware of his whereabouts . . ." for a period of 305 days before the birth of the child. In the instant case the testimony was of nonaccess for a period of six years.

The only witness to nonaccess was the mother. See *Commonwealth* v. *Kitchen, supra,* 9. We are of opinion that her testimony was sufficient to overcome the presumption of legitimacy. The jury could, and apparently did, believe her testimony. There was no error in the denial of the defendant's motion for a directed verdict.

*Exceptions overruled.*