RENA ROSSI *vs.* JOSEPH ROSSI. March 31, 1965. At the hearing of this petition for separate support the only witnesses were the petitioner, a resident of Everett, and one Spencer also of Everett, a friend of the respondent. The parties were married on October 20, 1957, in Revere. The judge found, without testimony from the respondent, that he went to Nevada, established a domicil, there obtained a divorce on June 11, 1963, remarried, and is now living and in business there. From a decree dismissing the petition, the petitioner appealed. In the reported evidence we regretfully note that judicial emotion ran high. The finding of divorce was based upon a supposed copy of a decree in the Eighth Judicial District Court of the State of Nevada in and for the County of Clark purportedly certified by an attorney for the petitioner. This was not compliance with G. L. (Ter. Ed.) c. 233, § 69, which prescribes that judicial proceedings of a court of another State to be admissible must be "authenticated by the attestation of the clerk or other officer who has charge of the records of such court under its seal." The admission of this paper was error. See *Portland Maine Publishing Co.* v. *Eastern Tractors Co. Inc.* 289 Mass. 13, 15–18; *Commonwealth* v. *Rondoni,* 333 Mass. 384, 385–386. There was no admissible evidence of the respondent's remarriage. There were oral statements by the respondent's counsel, who had appeared specially. See G. L. (Ter. Ed.) c. 207, § 47. A purported certificate by a clergyman of Nevada was not authenticated. *Commonwealth* v. *Morris,* 1 Cush. 391, 394–395. See *Derinza's Case,* 229 Mass. 435, 443; *Vergnani* v. *Guidetti,* 308 Mass. 450, 457. Of course, a remarriage would be no proof of a valid Nevada divorce. The consideration of other objections to the admission of evidence would be superfluous. The decree dismissing the petition is reversed. There is to be a hearing de novo before another judge at which any finding as to the paternity of the petitioner's child is to be in conformity with the principles set forth in *Sayles* v. *Sayles,* 323 Mass. 66, 67–69.

*Mario Misci* for the petitioner.

No argument or brief for the respondent.