COMMONWEALTH vs. PAUL F. PIZZIMENTE.

Suffolk.    October 15, 1973. — January 17, 1974.

Present: ROSE, KEVILLE, & GOODMAN, JJ.

*Bastardy.   Evidence,* Of illegitimacy, Presumptions and burden of
proof.

At a trial under G. L. c. 273, § 11, for getting a woman with child,
testimony by the woman, who was married to but separated from one
other than the defendant, was sufficient to show non-access of her
husband and to rebut the presumption of legitimacy of the child,
notwithstanding that she knew of her husband's where-
abouts. [668-669]

COMPLAINT received and sworn to in the District Court of
Chelsea on August 11, 1971.

On appeal to the Superior Court the case was tried before
*DeGuglielmo,* J., a judge of the Municipal Court of the City
of Boston sitting under statutory authority.

*Joseph C. Delcore* for the defendant.

*J. Kevin Leary,* Assistant District Attorney, for the
Commonwealth.

ROSE, J.   The defendant was charged with getting the
complainant with child under G. L. c. 273, § 11, and
convicted upon a jury verdict. The case comes before us on
the defendant's bill of exceptions which raises in substance
the sufficiency of the evidence to convict.

The jury could have found the facts to be as follows. The
complainant was at all times material to the conception
and birth of her child married to someone other than the
defendant. She separated from her husband on January 15,
1970, and did not see him after March of 1970, although she
knew that he lived in a neighboring community. The
complainant met the defendant in August, 1970, and
thereafter had sexual relations with him two or three times
a month. She became pregnant in December, 1970, and

stopped seeing the defendant the following spring. Her child was born on July 19, 1971.

"The legal presumption always is, that a child born in lawful wedlock is legitimate. But this presumption may be rebutted by proof that the husband had no access to the wife during the time when, by the course of nature, he could be the father of the child." *Phillips* v. *Allen,* 2 Allen 453, 454 (1861). It has long been the rule in this Commonwealth that although non-access must be proved "beyond all reasonable doubt," the proof need not be such as to show "an impossibility that the husband could be the father." *Ibid.* *Commonwealth* v. *Kitchen,* 299 Mass. 7, 9 (1937). *Commonwealth* v. *Leary,* 345 Mass. 59, 60 (1962).

In this instance the Commonwealth sought to rebut the presumption of legitimacy by introducing the complainant's testimony as to non-access by her husband. That a wife's testimony, standing alone, is sufficient to rebut the presumption of legitimacy is well settled. See *Commonwealth* v. *Rosenblatt,* 219 Mass. 197, 198 (1914); *Commonwealth* v. *Circo,* 293 Mass. 361, 362 (1936); *Commonwealth* v. *Kitchen, supra,* at 9; *Commonwealth* v. *Leary, supra,* at 61. The defendant emphasizes that in this instance the complainant knew of her husband's whereabouts. But this furnishes no ground for holding her testimony concerning non-access insufficient as a matter of law.

As the court said in the *Leary* case (at page 61): "We are of opinion that [the complainant's] testimony was sufficient to overcome the presumption of legitimacy. The jury could, and apparently did, believe her testimony. There was no error in the denial of the defendant's motion for a directed verdict."

*Exceptions overruled.*