COMMONWEALTH *vs.* ERIC MACK. June 20, 1980. The case is before us on the defendant's substitute bill of exceptions, by which he challenges a paternity judgment under G. L. c. 273, § 12, as amended through St. 1977, c. 848, § 5. 1. There is no merit to the defendant's contention that the Superior Court lost jurisdiction of paternity actions when the Legislature, by St. 1977, c. 848, § 7, repealed G. L. c. 273, § 11. If jurisdiction is not conferred by G. L. c. 212, § 4, the legislative intent is manifest from the fact that G. L. c. 273, § 12, by express language contemplates that such actions are triable in the Superior Court. The reason for the repeal of § 11 was simply to decriminalize paternity actions in accordance with the holding in *Commonwealth* v. *MacKenzie*, 368 Mass. 613 (1975).

2. The contention that § 12 makes a constitutionally impermissible sex-based discrimination is fully answered in *Commonwealth* v. *MacKenzie*, 368 Mass. at 617-618, *Attorney Gen.* v. *Massachusetts Interscholastic Athletic Assn.*, 378 Mass. 342, 357-358 (1979), and in *Lowell* v. *Kowalski*, 380 Mass. 663, 668-669 & n.9 (1980). The defendant's contentions that the father's role in conception is "minor," that it is disproportionate to burden him with eighteen years of support obligations, and that it is unfair to condition the father's liability for support on the mother's unilateral decision whether to undergo an abortion (see *Commonwealth* v. *MacKenzie*, 368 Mass. at 618 n.4) seem to us to be questions of policy which our constitutional scheme entrusts to Legislatures rather than courts. 3. We need not consider whether the testimony objected to by the defendant was properly admitted in evidence, as, in any event, its admission, if error, was harmless. 4. The judge correctly refused to give the instruction which is the subject of the defendant's fourth exception. It was inapplicable on the evidence in the case, as well as being erroneous as matter of law. Cf. *Commonwealth* v. *Pizzimente*, 1 Mass. App. Ct. 668 (1974). 5. There was no error in denying the defendant's motion for judgment notwithstanding the verdict or for a new trial.

*Exceptions overruled.*

*Hans R. Hailey* for the defendant.

*Sharon D. Meyers*, Legal Assistant to the District Attorney (*Michael J. Traft*, Assistant District Attorney, with her) for the Commonwealth.